JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Murphy West appeals pro se from the judgment of the Euclid Municipal Court in favor of Allstate Insurance Company on his claim for medical payments under the uninsured motorist coverage provision of his automobile insurance policy. West assigns the following error for our review:
 "I. The weight of the evidence didn't support the court's finding and judgment. The Euclid Municipal Judge failed to overrule the Magistrate on error that saying our medical bills $1,750.00, when she records evidence supporting the bills clearly $2,000.00. [sic]."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On February 20, 2004, in the City of Euclid, West was involved in an automobile accident with an uninsured motorist. At the time of the accident, Barbara Modine and Fashionette Modine were passengers in West's automobile. All three occupants sought emergency room treatment immediately after the accident.
 {¶ 4} Approximately one month after the accident, all three occupants began physical therapy treatment at the Cleveland Therapy Center ("CTC"). West and his passengers had four physical therapy sessions between March 23, 2004 and April 3, 2004, for a total cost of $1,750.
 {¶ 5} West sought medical payments under his uninsured motorist policy with Allstate. Allstate paid all the costs associated with the emergency room treatment, but refused to pay the cost of the physical therapy treatments. As a result, West filed a small claims complaint against Allstate in the Euclid Municipal Court seeking medical payments in the amount of $1,750.[1]
 {¶ 6} On December 29, 2005, after a hearing on the matter, the magistrate recommended judgment in favor of Allstate, which the trial court adopted. It is from this judgment that West now appeals.
 Manifest Weight {¶ 7} In his sole assigned error, West asks us to reverse the trial court's decision on manifest weight of the evidence grounds; however, West has failed to file a transcript of the proceedings or a suitable substitute. This failure is fatal to his appeal.
 {¶ 8} It is axiomatic that the party challenging a judgment has the burden to file an adequate record with the reviewing court to exemplify its claims of error. Absent certification of an adequate record, a reviewing court must presume regularity of the proceedings and affirm the judgment of the trial court.[2]
 {¶ 9} An appellant's options are not limited to the actual transcript. If a transcript is unavailable, an appellant may submit an App.R. 9(C) narrative transcript of the proceedings or an App.R. 9(D) agreed statement of the case in lieu thereof. West has provided neither a transcript nor a suitable alternative. Consequently, we cannot determine whether the trial court's judgment is against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MICHAEL J. CORRIGAN, J.,* CONCUR
* SITTING BY ASSIGNMENT: JUDGE MICHAEL J. CORRIGAN, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] During oral argument, appellant argued that the medical bills totalled $2,000, not $1,750.
[2] Chaney v. East (1994), 97 Ohio App.3d 431, 435.