JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Bradach ("Robert"), appeals the trial court's modification of his child support obligation. Finding no merit to the appeal, we affirm.
 {¶ 2} In December 1997, Robert and his former wife, Gail Bradach ("Gail"), stipulated to an agreed entry in which the court ordered Robert to pay $755.30 per month in child support for their son who was born in 1995.
 {¶ 3} In August 2003, Robert moved to modify the child support based on a substantial change in circumstances. The magistrate conducted hearings in June 2004, May 2005, and September 2005, on Robert's motion to modify support and motion for attorney fees.[1] In December 2005, the magistrate issued a decision with findings of fact and conclusions of law. The magistrate recommended that Robert's child support obligation be reduced to $266.79 per month, retroactive to August 22, 2003. The magistrate also recommended that Robert's motion for attorney fees be denied.
 {¶ 4} In May 2006, Gail filed objections to the magistrate's decision. The trial court issued its order on July 21, 2006, overruling the magistrate's child support calculation and finding that Robert should pay $433.90 per month in child support.[2] *Page 3 
 {¶ 5} Robert appeals, raising two assignments of error. In the first assignment of error, he argues that the trial court abused its discretion in its calculation and determination of his child support obligation. In the second assignment of error, he argues that the trial court abused its discretion by modifying portions of the magistrate's decision. Both assignments of error will be discussed together, because they involve the same facts and standard of review.
 Standard of Review {¶ 6} A trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion. Pauly v.Pauly, 80 Ohio St.3d 386, 1997-Ohio-105, 686 N.E.2d 1108. An abuse of discretion is more than an error of law, it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Moreover, as long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it. Masitto v. Masitto (1986), 22 Ohio St.3d 63,488 N.E.2d 857.
 {¶ 7} Robert maintains that his child support obligation should be $266.79 per month as opposed to the $433.90 monthly amount ordered by the trial court. He argues that the court improperly inflated his income to $70,833.33 and improperly deflated Gail's income to $24,530, without setting forth any findings to justify its *Page 4 
decision. He contends that the court should have granted a larger deviation because he had more parenting time with his son. Robert further argues that the trial court did not undertake a thorough independent review of the magistrate's decision. For the reasons that follow, we disagree.
 Robert's Income {¶ 8} Robert maintains that his gross income for purposes of calculating his child support obligation is $63,000. He argues that the court erred when it assigned him an income of $70,833.33, which included various bonuses.
 {¶ 9} R.C. 3119.01(C)(7) defines gross income as the "total of all earned and unearned income from all sources during a calendar year * * * and includes income from salaries, wages, overtime pay, and bonuses * * *." Therefore, the inclusion of bonuses in gross income for support purposes is proper. When calculating income from bonuses, R.C.3119.05(D) requires that the trial court include the lesser of: (1) the yearly average of all bonuses received during the three years immediately prior to the support calculation, and (2) the total bonuses received during the year immediately prior to the support calculation. See also, Ostmann v. Ostmann, 168 Ohio App.3d 59, 2006-Ohio-3617,858 N.E.2d 831.
 {¶ 10} In the instant case, the record demonstrates that the parties stipulated that Robert's base salary for 2003 was $63,000. The record also demonstrates that *Page 5 
Robert received no bonus in 2002, but he earned bonuses of approximately $12,500 in 2003 and $11,000 in 2004. The trial court, pursuant to R.C. 3119.05(D), averaged the bonuses from the three years to arrive at $7,833.33. The trial court added that amount to Robert's base salary of $63,000, for a total of $70,833.33 as Robert's income for purposes of calculating child support. Therefore, we conclude that the trial court adhered to the mandates of R.C. 3119.05, and its judgment is supported by competent, credible evidence.
 Gail's Income {¶ 11} Robert also argues that the trial court incorrectly calculated Gail's income. He contends that Gail is voluntarily underemployed and that the magistrate was correct in determining Gail's income as $32,791.
 {¶ 12} R.C. 3119.01(C)(11) provides that income is imputed to a parent whom the trial court finds to be voluntarily underemployed. R.C.3119.01(C)(11)(a)(i)-(x) lists a number of factors for the court to consider when making its determination. Whether a parent is voluntarily underemployed and the amount of potential income to be imputed are matters to be determined by the trial court in light of the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108,616 N.E.2d 218, at the syllabus. The determination will not be reversed on appeal absent an abuse of discretion. Id. *Page 7 
 {¶ 13} The evidence presented at the hearings demonstrated that Gail had been employed full-time as a parochial school teacher for the past eight years and earned $24,530 in 2003. She had applied for higher paying positions at various public schools, but was unable to obtain employment at a higher rate of pay. During the summers, Gail was enrolled in a Master's Degree program to improve her job opportunities. In light of this evidence, we find that the trial court did not err in finding that Gail's income for purposes of calculating child support is $24,530. Therefore, we find no abuse of discretion in the court's finding that Gail was not voluntarily underemployed.
Deviation Calculation
 {¶ 14} Robert argues that the trial court erred when it chose to deviate the amount of his child support obligation by only thirty-five percent because he has extended parenting time with his son.
 {¶ 15} R.C. 3119.22 provides that, "the court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, * * * if, after considering the factors * * * set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child." *Page 7 
 {¶ 16} Factors relevant to granting a deviation pursuant to R.C.3119.23 include: extended parenting time, disparity in income between the parties or households, the standard of living and circumstances of each parent, and the standard of living the child would have enjoyed had the marriage continued.
 {¶ 17} In the instant case, the trial court calculated the monthly amount of child support to be $667.55. However, the court found this amount unjust and not in the best interest of the minor child because of the nearly equal parenting time and the amount of support that the child is entitled to while in Robert's care. The trial court considered the factors in R.C. 3119.23 and found that Robert spends more parenting time with the minor child in the summer and there is a significant disparity of income between the households ($115,000 for Robert and $24,500 for Gail). The trial court also considered the standard of living and circumstances of each party and the standard of living the child would have enjoyed had the marriage continued. As a result, the court found it appropriate to calculate a thirty-five percent downward deviation of $229.06, modifying Robert's child support obligation to $433.90 per month, which includes a processing charge. Although Robert maintains that this amount is unreasonably punitive, we find nothing arbitrary, unreasonable, or unconscionable about this amount. Therefore, we conclude that the court did not abuse its discretion in ordering child support in the amount of $433.90 per month.
 Magistrate's Decision *Page 8 {¶ 18} Robert argues that the trial court abused its discretion when it failed to make a thorough independent review of the magistrate's decision.
 {¶ 19} Civ.R. 53 places upon the court the ultimate authority and responsibility over the magistrate's findings and rulings. Hartt v.Munobe, 67 Ohio St.3d 3, 1993-Ohio-177, 615 N.E.2d 617. This court has found that the trial court must make its own de novo determination, in light of any filed objections, by undertaking an independent analysis of the issues. In re Tutt (Aug. 31, 2000), Cuyahoga App. No. 77028;Burkes v. Burkes (Mar. 23, 2000), Cuyahoga App. No. 75518; AAA PipeCleaning Corp. v. Arrow Uniform Rental (July 22, 1999), Cuyahoga App. No. 74215. Moreover, as the reviewing court, we presume that the trial court conducted the proper independent analysis of the magistrate's decision. Citta-Pietrolungo v. Pietrolungo, Cuyahoga App. No. 85536,2005-Ohio-4814; Birt v. Birt (Dec. 21, 1994), Miami App. No. 94-CA-32.
 {¶ 20} In the instant case, the trial court rendered its decision nearly seven months after issuance of the magistrate's decision. Furthermore, the trial court modified the magistrate's decision, clearly reaching its own conclusion as to the proper child support obligation by including Robert's bonuses which the magistrate failed to consider. Therefore, we find that the court did not abuse its discretion but conducted an independent review of the magistrate's decision.
 {¶ 21} Accordingly, the first and second assignments of error are overruled. *Page 9 
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and ANTHONY O. CALABRESE, JR., J. CONCUR
[1] The parties agreed on May 20, 2005 to reduce the child support to $500 per month, effective June 1, 2005, pending the final ruling on Robert's motion to modify child support.
[2] The trial court affirmed the magistrate's decision regarding the denial of attorney fees, which has not been challenged on appeal. *Page 1