[Cite as *Freedom Mtge. Corp. v. Petty*, 2011-Ohio-3067.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95834**

## FREEDOM MORTGAGE CORPORATION

PLAINTIFF-APPELLANT

vs.

## JUANITA PETTY, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
### AFFIRMED AND MODIFIED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-679554

**BEFORE:** Rocco, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**ATTORNEYS FOR APPELLANT**

Peter J. Vance
Romi T. Fox
Thomas L. Henderson
Sherrie M. Miday
Kimberlee S. Rohr
Lerner, Sampson & Rothfuss
120 E. Fourth Street - 8th Floor
Cincinnati, Ohio 45202-7012


**ATTORNEY FOR APPELLEES**

Robert S. Belovich
9100 South Hills Blvd.
Suite 300
Broadview Heights, Ohio 44147


KENNETH A. ROCCO, J.:

{¶ 1} Plaintiff-appellant Freedom Mortgage Corporation ("Freedom") appeals from the trial court's orders in favor of defendant-appellee Juanita Petty on Freedom's complaint in which it sought judgment on a note of indebtedness and foreclosure on Petty's property.

**{¶ 2}** Freedom presents five assignments of error. It argues the trial court improperly denied its motions for default judgment, summary judgment, and judgment on the pleadings. Freedom further argues the trial court acted improperly in overruling the magistrate's decision in its favor. Finally, Freedom asserts the trial court erred in dismissing this case with prejudice.

**{¶ 3}** Upon a review of the record, this court cannot find any error occurred with respect to the trial court's orders, either on Freedom's motions or on the magistrate's decision. However, Freedom's last assignment of error has merit, since the trial court's dismissal of this case should have been without prejudice.

**{¶ 4}** Consequently, the trial court's orders that denied Freedom's motions for default judgment, summary judgment, and judgment on the pleadings, together with its order overruling the magistrate's decision, are affirmed. The trial court's order that dismissed this case is modified to a dismissal without prejudice.

**{¶ 5}** Freedom filed its complaint in this case on December 19, 2008. In the first count, Freedom alleged that it held a note of indebtedness secured by a mortgage on property, that Petty had defaulted under the terms of the note, and that Petty owed $94,493.53 on the note. In the second count,

Freedom alleged that, since the note was secured by a mortgage, and since the mortgage had been assigned to Freedom, Freedom was entitled to a decree of foreclosure with respect to the property.

{¶ 6}  Freedom attached to its complaint three exhibits; all were copies. The first was a copy of the note; it named Petty as the "Borrower" and Consumers Mortgage Corporation of Ohio ("Consumers") "and its successors and assigns" as the "Lender" of a principal sum in the amount of $96,328.00 for the purchase of a property located at 1429 E. 175th Street in Cleveland. Petty's signature appeared over the line marked, "BORROWER - Juanita Petty - DATE."  A date of "10/23/06" was handwritten next to the foregoing words.

{¶ 7}  Below the line for the borrower's signature were the typewritten words, "WITHOUT RECOURSE PAY TO THE ORDER OF" and, further below, "FREEDOM MORTGAGE."  The additional word "Corporation" was handwritten underneath the foregoing, with an asterisk before the initials "CK."  A signature appeared on the line above the words, "CONSUMERS MORTGAGE CORPORATION OF OHIO" and "ELIZABETH MILLER, CLOSER"; the signature could be read to be that of an Elizabeth Miller.

{¶ 8}  The bottom of the document appeared to be stamped with a line above the typed words "P.O.A. by Freedom Mortgage Corporation."

Handwriting appeared on the line, viz., an asterisk, and under that, the words "Consumers Mortgage Corporation of Ohio."

{¶ 9} The second document attached to Freedom's complaint as an exhibit was a copy of an "Open-End Mortgage." Dated October 23, 2006, it indicated it was a "security instrument," with Juanita Petty as the "mortgagor." It further indicated that this security instrument was "given to Mortgage Electronic Registrations Systems, Inc. ('MERS') (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary." Consumers is named as the "Lender." Petty initialed each page of the security instrument, and signed her name on the final page. The document concludes with a notarization of Petty's signature dated October 23, 2006.

{¶ 10} The last exhibit Freedom attached to its complaint was a copy of a document entitled, "Assignment of Mortgage." The first page of this document states, in pertinent part, " the undersigned, Mortgage Electronic Registrations Systems Inc[. ,] as nominee for Consumers Mortgage Corporation," transferred the Petty mortgage to Freedom, "whose address is Loan Care Servicing Center" in Virginia Beach, Virginia. The second page indicates that "Zeta Duffee Vice President" signed the document on behalf of MERS "as nominee" for Consumers on the "20th day of November, 2008."

{¶ 11} The record reflects the trial court referred this case to a magistrate the same day that Freedom filed it.   Two days later, on December 21, 2008, a "preliminary judicial report" was filed.   It indicated "First American Title Insurance" had performed a title search on the mortgaged property, and this report had been "Prepared for: Loan Care Servicing Center."   The report further indicated the property was "free from all encumbrances * * * except as shown in Schedule B."   The first item listed on "Schedule B" was an "Open End Mortgage in the amount of $96,328.00 from Juanita Petty, unmarried, to Mortgage Electronic Registration Systems, Inc. as nominee for Consumers Mortgage Corporation of Ohio, dated October 23, 2006, recorded October 24, 2006 * * * ."

{¶ 12} On January 5, 2009, Petty filed in the trial court a letter addressed, "To: Whom it may concern."   She stated therein that she asked "you to reconsider your decision to file foreclosure on [her] home."   She further indicated she had fallen "behind" in her payments through no fault of her own but remained willing to do everything possible to reinstate her home loan.   Petty indicated she understood her "obligations and commitment to the Lender," and was "hoping you will take this into consideration."

{¶ 13} On January 11, 2009, the trial court issued a journal entry stating that "the defendant ha[d] answered" the complaint. The court also set a date for a case management conference ("CMC").

{¶ 14} On January 29, 2009, an attorney entered a notice of appearance on Petty's behalf. Counsel made no request, however, to file an amended answer.

{¶ 15} On February 13, 2009, the trial court issued a post-CMC journal entry ordering Freedom, in pertinent part, to provide "payoff figures, reinstatement figures, and loss mitigation information within 14 days," and to attend a mediation on April 17, 2009.

{¶ 16} Although Freedom's counsel filed a timely "notice of compliance," in which she informed the trial court that she had sent the required information to Petty's attorney, the record fails to reflect Freedom's counsel submitted that information to the court itself.

{¶ 17} On April 20, 2009, after the mediation, the trial court issued a journal entry setting dates for dispositive motions. The case also was set for trial on August 3, 2009. The journal entry stated that a "representative of Freedom Mortgage Company" must be "present in person" on the date of the final pretrial hearing, and further stated that failure to comply "shall result in dismissal for want of prosecution."

**{¶ 18}** On April 24, 2009, the trial court issued a journal entry that noted as follows:

**{¶ 19}** "When moving for default or summary judgment, the moving party is ordered to file proof that it owned the note and mortgage at the time the within case was filed. If the moving party cannot prove [the foregoing], * * * it lacks standing and the court will dismiss the case pursuant to the holding in *Wells Fargo v. Jordan*, [Cuyahoga App. No. 91675,] 2009 Ohio 1092 * * * . Failure to comply with this entry will result in the court dismissing the case."

**{¶ 20}** On May 8, 2009, Freedom filed a motion that stated, in its entirety, as follows:

**{¶ 21}** "Now comes the plaintiff, Freedom Mortgage Corporation, and moves the Court for a Default Judgment and Decree in Foreclosure in its favor for the relief prayed for in its Complaint herein. This motion is made pursuant to Rule 55 of the Ohio Rules of Civil Procedure."

**{¶ 22}** That same day, Freedom filed a motion for summary judgment. Freedom asserted there was no genuine issue of material fact and that it was entitled to judgment on its complaint. Freedom attached to its motion the affidavit of Serafin Hernandez.

**{¶ 23}** Hernandez averred that she was "Vice-President of Loan Care Servicing Center[,] servicing agent for Freedom," and that, in her job position, she had "custody of the accounts of said company, including the account of Juanita Petty." Hernandez further averred "that the records and accounts of said company are compiled at or near the time of occurrence of each event by persons with knowledge of said events, that said records are kept in the course of its regularly conducted business activity, and that it is the regular practice to keep such records * * * ."

**{¶ 24}** Hernandez also averred Freedom was "the holder of the note and mortgage which are the subject of the within foreclosure action," and "true and accurate reproductions of the originals as they exist in Plaintiff's files" were attached. Hernandez averred that "there has been a default in payment under the terms," therefore, since "the account is due for the August 1, 2008 payment and all subsequent payments," Freedom had "elected to accelerate the entire balance due." Attached as an exhibit to the affidavit were copies of the note and mortgage.

**{¶ 25}** Freedom also provided a "supplemental affidavit" from its attorney. The attorney averred that her affidavit was "based upon personal knowledge." The attorney averred she "caused the records of the Cuyahoga County Recorder's office to be searched for the real estate," that "the judicial

reports" she procured were "filed" in the action, and that Freedom was "the holder of the note and mortgage," that copies of these two documents had been attached to both the complaint and "the Affidavit in Support of [the motion for] Summary Judgment," and that the "[n]ote attached to the Complaint contain[ed] an endorsement."

**{¶ 26}** According to the note, Consumers endorsed it to Freedom on October 23, 2006. According to the assignment, MERS was Consumers' "nominee," and MERS had assigned the mortgage to Freedom in November 2008. Nothing indicates the latter was recorded. However, a "final judicial report" appears in the record that states the assignment had been recorded on December 19, 2008.[1]

**{¶ 27}** Petty filed briefs in opposition to both the motion for default judgment and the motion for summary judgment. In the latter, Petty contended that Freedom's documents failed to prove it was an assignee of the lender. The trial court subsequently issued separate journal entries denying each of Freedom's motions.

**{¶ 28}** On July 31, 2009, two days prior to the date set for trial, Freedom filed a Civ.R. 12(C) motion for judgment on the pleadings. Freedom argued

---

[1]As previously set forth, this was the date the complaint was filed.

that Petty had "waived" all of her defenses to the allegations made in its complaint.

{¶ 29} The record reflects the matter proceeded to trial before the magistrate. At the outset, the magistrate orally denied Freedom's Civ.R. 12(C) motion on the basis that it was untimely. Freedom proceeded to present testimony from Grisel Marrero.

{¶ 30} Marrero stated she was "default manager for LoanCare Servicing Center." She further stated that her company was the "subservicer" for Petty's "account," that her company was responsible for enforcing the note, and that Freedom was the "rightful owner of the servicing rights." She stated that MERS was a "system" utilized "whenever transfers of loans happen in the industry, so that when you move from one particular client or owner of record it is registered to them, which will avoid actually having to do the manual paperwork for each loan."

{¶ 31} In her testimony, Marrero identified documents presented to her as "true and accurate cop[ies]." She claimed Freedom "bought the mortgage" on Petty's property from Consumer "back at the origination time," and that this fact was "documented" by the endorsement on "the note" beneath the borrower's signature.

**{¶ 32}** During her testimony, Marrero identified some documents that are not, however, included in the record on appeal.[2] One of them was the "notice of assignment, sale or transfer of servicing rights." Marrero stated this document "is typically given at the closing of the loan," and served to "notify the borrower of the assignment or the transfer of rights, in this particular case from Consumer [sic] Mortgage Corporation to Freedom Mortgage Corporation, LoanCare Servicing Center."

**{¶ 33}** According to the magistrate's comment, another was "captioned Corporate Resolution at the top." Marrero testified this document "provides the individuals at LoanCare Servicing Center that can sign or execute documents on behalf of MERS." Marrero further indicated that the person whose signature appeared on the "Assignment of Mortgage," viz., Zeta Duffee, was an employee of LoanCare, and that the Corporate Resolution showed Duffee was "identified as a certifying officer" who had the authority to sign on MERS' behalf.

---

[2]The face page of the transcript of trial contains a notation that states: "No exhibits have been filed by the court reporter preparing this transcript. There was no court reporter present at the trial of this matter. The transcript was produced by [the undersigned], an Official Court Reporter, from an audio recording. After a review of the court's file, calls to the magistrate and the court's bailiff, no exhibits could be found."

{¶ 34} Petty also testified at trial. She indicated she could not remember either receiving a notice of assignment at the closing of the transaction, or which entity received her mortgage payments.

{¶ 35} The magistrate subsequently issued a decision finding that Freedom demonstrated it owned the note and mortgage. The magistrate further determined, in pertinent part, that Petty "executed and delivered" the note to Consumers and the mortgage to MERS, that Consumers endorsed the note to Freedom, that MERS assigned the mortgage to Freedom, that Petty defaulted on the note, and that Freedom was within its rights to seek foreclosure on the property. The magistrate's decision fails to mention any ruling on Freedom's motion for judgment on the pleadings; instead, the magistrate issued a "journal entry" to that effect that the trial court never specifically adopted.

{¶ 36} Petty filed objections to the magistrate's decision. She argued Marrero's testimony had been inadequate to prove Freedom's ownership. Petty specifically referred to the "Corporate Resolution"; she contended Marrero lacked any personal knowledge about the exhibit, the exhibit contained neither a signature identifiable as that of the corporate secretary nor a "corporate seal," and the pages of the exhibit did not match.

{¶ 37} Freedom filed a brief in opposition to Petty's objections. Freedom argued that since Petty had not specifically denied the authenticity of the documents in her answer, she waived any challenge to them. Freedom also argued the magistrate properly admitted into evidence all of its exhibits as business records.

{¶ 38} After Petty filed a response, the trial court issued a journal entry overruling the magistrate's decision. The trial court subsequently issued a judgment that dismissed Freedom's complaint with prejudice.

{¶ 39} In its opinion, the trial court held that Marrero was unqualified to provide testimony about the assignment of the note and the mortgage. The court determined that, since Freedom "failed to prove that it was properly assigned the Mortgage and the Note," it failed to prove its case.

{¶ 40} Freedom filed a timely appeal from the order of dismissal, and presents five assignments of error, as follows:

{¶ 41} "I.   The trial court erred in denying Freedom's motion for default judgment where Petty failed to plead or otherwise defend as provided by the Ohio Rules of Civil Procedure.

{¶ 42} "II.   The trial court erred in denying Freedom's motion for summary judgment where Petty admitted the allegations in the complaint and Freedom proved its case-in-chief.

**{¶ 43}** "**III.   The trial court erred in denying Freedom's motion for judgment on the pleadings where Petty admitted the allegations in the complaint and Freedom proved its case-in-chief.**

**{¶ 44}** "**IV.   The trial court erred in overruling the magistrate's decision and dismissing Freedom's case with prejudice where the note, mortgage, and assignment were admissible evidence that established Freedom's right to judgment as a matter of law.**

**{¶ 45}** "**V.   The trial court erred in dismissing Freedom's case with prejudice for lack of standing.**"

**{¶ 46}** In its first assignment of error, Freedom argues the trial court acted improperly in denying its motion for a default judgment, because Petty's letter did not defeat a conclusion that Freedom deserved judgment on the complaint.   On the facts of this case, this court disagrees.

**{¶ 47}** A trial court's decision to grant or deny a motion for default judgment is reviewed on appeal for an abuse of discretion. *Fitworks v. Sciranko*, Cuyahoga App. No. 90593, 2008-Ohio-4861, ¶4, citing *Discover Bank v. Hicks*, Washington App. No. 06CA55, 2007-Ohio-4448.   The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 48} Civ.R. 55(A) provides in pertinent part as follows:

{¶ 49} "(A) Entry of judgment.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing * * * to the court * * * . * * * *If, in order to enable the court to enter judgment or to carry it into effect, it is necessary* to take an account or to determine the amount of damages or *to establish the truth of any averment by evidence* or to make an investigation of any other matter, *the court may* conduct such hearings or *order such references as it deems necessary* and proper and shall when applicable accord a right of trial by jury to the parties." (Emphasis added.)

{¶ 50} Only when the defendant "fails to contest the opposing party's allegations" by either pleading or "otherwise defending" does a default arise. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 121, 502 N.E.2d 599.  Since granting a default judgment is analogous to granting a dismissal, it is a harsh remedy that is generally disfavored.  *Suki v. Blume* (1983), 9 Ohio App.3d 289, 459 N.E.2d 1311. When possible, cases should be decided on their merits rather than on

procedural grounds. *Fowler v. Coleman* (Dec. 28, 1999), Franklin App. No. 99AP-319; see, also, Civ.R. 61.

{¶ 51} In this case, Freedom provided the trial court with no particular basis on which to grant a default judgment in its favor. Freedom's failure to present any argument to the trial court violated Loc.R. 11(B), and also permits this court to conclude Freedom has waived any argument with respect to the trial court's decision. Moreover, before Freedom filed its motion, the trial court already had issued both a journal entry notifying Freedom that the court had deemed Petty's letter an answer, and a journal entry ordering Freedom "to file proof that it owned the note and mortgage at the time the within case was filed." *Kreps v. Pesina* (Aug. 11, 1995), Lucas App. No. L-94-212.[3]

{¶ 52} Under these circumstances, this court cannot find the trial court abused its discretion in this matter. Freedom's first assignment of error, accordingly, is overruled.

{¶ 53} Freedom next argues in its second assignment of error that the trial court improperly denied its motion for summary judgment. For similar

---

[3]In citing *Kreps*, this court is cognizant that the better practice in this case would have been, upon being retained, for Petty's attorney to have filed an amended answer to Freedom's complaint.

reasons as those set forth above, this court finds Freedom's argument unpersuasive.

{¶ 54} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. Pursuant to Civ.R. 56, summary judgment is appropriate only when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in her favor.

{¶ 55} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264. If the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Civ.R. 56(E). Doubts must be resolved in

favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138.

**{¶ 56}** When ruling on a motion for summary judgment, the only evidence a court may consider is that which complies with Civ.R. 56. Civ.R. 56(C) provides that "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are properly considered when a court rules on a motion for summary judgment. Civ.R. 56(E) provides that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Furthermore, sworn or certified copies of all papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶ 57}** In this case, Hernandez's affidavit neither set forth an averment that she had personal knowledge of the facts to which she herself attested, nor were the attached copies of the documents to which she referred "sworn or certified." *Bank of New York v. Grome*, Hamilton App. No. C-100059, 2010-Ohio-4595, ¶12-14; cf., *Deutsche Bank Natl. Trust Co. v. Cassens*, Franklin App. No. 09AP-865, 2010-Ohio-2851; *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶12. The affidavit of

Freedom's attorney suffered from a similar defect, since the attached assignment bore no indication it had been recorded, and the "final judicial report" that appears in the record was neither attached to the affidavit or the motion nor authenticated. *Grome*; Evid.R. 901(A).

{¶ 58} Since Petty objected to the adequacy of Freedom's evidence, the trial court acted within its discretion to deny Freedom's motion for summary judgment. *Bowman v. Dettelbach* (1996), 109 Ohio App.3d 680, 684, 672 N.E.2d 1081; cf., *Bank of New York v. Dobbs*, Knox App. No. 2009-CA-000002, 2009-Ohio-4742, ¶30.[4] Accordingly, Freedom's second assignment of error also is overruled.

{¶ 59} In its third assignment of error, Freedom argues it was entitled to judgment on the pleadings in this case; therefore, the magistrate improperly denied Freedom's Civ.R. 12(C) motion. This argument also is rejected.

{¶ 60} Typically, Civ.R. 12(C) motions are filed by defendants alleging that the complaint fails to state a cause of action, but the rule states that "any party" may make the motion. *Howard v. Seaway Food Town, Inc.* (Aug.

---

[4]Freedom's citation to this court's decision in *Deutsche Bank Natl. Trust Co. v. Gardner*, Cuyahoga App. No. 92916, 2010-Ohio-663, is inapposite for purposes of this assignment of error, since the matter had proceeded to trial in the lower court and thus entailed a different standard of review.

14, 1998), Lucas App. No. L-97-1322. The rule also states the motion must be made "within such time as not to delay the trial."

{¶ 61} The trial court set this matter for trial on April 20, 2009. Trial was scheduled for Monday, August 3, 2009. At the outset of trial, Freedom's counsel acknowledged that he had filed the motion at 4:07 p.m. on Friday, July 31, 2009, less than an hour before the clerk's office closed for the weekend.

{¶ 62} Although the record thus reflects counsel had almost four months to submit the motion, he provided no excuse for waiting until what was essentially the eve of trial to do so. The magistrate rightly determined on these facts that Freedom's motion was untimely.

{¶ 63} The record also reflects Freedom never notified the trial court that it objected to the magistrate's decision on this point. This court concludes that, under such circumstances, the trial court committed no error in declining to address this issue.

{¶ 64} Freedom's third assignment of error is overruled.

{¶ 65} Freedom argues in its fourth assignment of error that the trial court erred in overruling the magistrate's decision in its favor on the complaint. Freedom contends the trial court improperly held in its "Findings

of Fact and Conclusions of Law" that Freedom's evidence was insufficient to establish "that it was properly assigned the Mortgage and the Note."

**{¶ 66}** Civ.R. 53 places upon the court the ultimate authority and responsibility over the magistrate's findings and rulings. *Hartt v. Munobe*, 67 Ohio St.3d 3, 1993-Ohio-177, 615 N.E.2d 617. In ruling on objections to a magistrate's decision, the trial court is required to make a full and independent judgment of the referred matter, and should not adopt the findings of the magistrate unless the trial court fully agrees with them. *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 232, 590 N.E.2d 886. A trial court retains its authority to decide an issue independent of the magistrate, since the grant of authority to a magistrate does not affect a trial court's inherent jurisdiction. *Davis v. Reed* (Aug. 31, 2000), Cuyahoga App. No. 76712, citing *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 59, 548 N.E.2d 287.

**{¶ 67}** Having stated the foregoing, this court's review of this assignment of error is constrained by the fact that the record on appeal does not contain any of the exhibits admitted by the magistrate at the trial of this matter. This court presumes that the trial court conducted the proper independent analysis of the magistrate's decision. *Bradach v. Bradach*, Cuyahoga App. No. 88622, 2007-Ohio-3417, ¶19. It is appellant's duty to

ensure the completeness of the record on appeal. *Shannon v. Shannon* (1997), 122 Ohio App.3d 346, 350, 701 N.E.2d 771.

{¶ 68} The transcript of trial indicates that Freedom's exhibits numbers 9 and 10 were of particular importance in establishing whether or not Freedom had the necessary standing to prevail on its claims. In the absence of the exhibits the trial court found to be relevant to its overruling of the magistrate's decision, this court presumes the regularity of the proceedings below. *Snyder v. Snyder*, Cuyahoga App. No. 95421, 2011-Ohio-1372, ¶41, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384.

{¶ 69} For the foregoing reasons, Freedom's fourth assignment of error is overruled.

{¶ 70} Freedom argues in its fifth assignment of error that the trial court's dismissal of the complaint with prejudice was unwarranted. This court agrees.

{¶ 71} A dismissal of a claim other than on the merits should be a dismissal without prejudice. See *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 431 N.E.2d 660. A dismissal that is premised on jurisdiction "operate[s] as a failure otherwise than on the merits" and should be a dismissal without prejudice. Civ.R. 41(B)(4). The dismissal of an

action because one of the parties is not a real party in interest or does not have standing is not a dismissal on the merits. *Wells Fargo Bank, N.A. v. Byrd*, 178 Ohio App.3d 285, 897 N.E.2d 722, 2008-Ohio-4603, ¶18, citing *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, at ¶51.

**{¶ 72}** The trial court determined that Freedom failed to establish it had standing to pursue this action against Petty. Since this was a failure otherwise than on the merits, the trial court erred in dismissing this case with prejudice. Freedom's fifth assignment of error, therefore, is sustained.

**{¶ 73}** The trial court's orders that denied Freedom's motions for default judgment, summary judgment, and judgment on the pleadings are affirmed. The trial court's order overruling the magistrate's decision also is affirmed. The trial court's order of dismissal is modified to reflect Freedom's case is dismissed without prejudice.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR