[Cite as *Tabbaa v. Raslan*, 2012-Ohio-367.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97055**

# MOHAMMAD TABBAA, ET AL.

PLAINTIFFS-APPELLEES

vs.

# LILA RASLAN, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-714923

**BEFORE:** Cooney, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEYS FOR APPELLANTS**

Jorge Luis Pla
Raslan & Pla, LLC
1701 East 12th St., Suite 3GW
Reserve Square Building
Cleveland, Ohio 44114

David Ledman
35000 Chardon Road
Suite 105
Willoughby Hills, Ohio 44094

**ATTORNEY FOR APPELLEES**

David A. Corrado
Skylight Office Tower, Suite 410
1660 W. Second Street
Cleveland, Ohio 44114-1454

COLLEEN CONWAY COONEY, J.:

{¶ 1}  Defendants-appellants, Lila Raslan, et al. ("Lila"), appeal the trial court's granting the motion to disqualify her attorney, Jorge Pla ("Pla"), and the firm of Raslan and Pla, LLC, which was filed by plaintiffs-appellees, Mohammad Tabbaa, et al. ("Tabbaa").  Finding no merit to the appeal, we affirm.

{¶ 2}  In 2002, Tabbaa and Fares Raslan ("Fares") became business partners, opening Luna's Deli and Grille ("Luna's") in Fairlawn, Ohio.  Tabbaa and Fares hired

Fares's wife, Lila, an attorney, to help them form a limited liability company. Tabbaa alleges that Lila's law partner, Pla,[1] also assisted in this representation, thus serving as counsel for Tabbaa.

{¶ 3} In 2003, Tabbaa and Fares purchased the property on which Luna's was located. Once again, they hired Lila, and allegedly Pla, to assist them in forming a second limited liability company, Kay Properties, LLC, in order to purchase the property. Fares and Tabbaa were also represented by the firm in securing a loan with National City Bank ("NCB") in order to purchase the property. Fares alleges that he and Tabbaa later transferred their shares of the business and the property to their wives, Lila Raslan and Luna Tabbaa.

{¶ 4} In 2007, Luna's began to fail financially. Kay Properties also defaulted on its loan with NCB. NCB foreclosed on the property and filed an action against Tabbaa and Fares. Tabbaa and Fares filed cross-claims against each other. Pla represented Fares in that action. Tabbaa filed a motion to disqualify Pla from representing Fares due to a conflict of interest. The trial court granted Tabbaa's motion. Fares did not appeal the trial court's ruling but filed a motion to reconsider. However, prior to the court's ruling on the motion to reconsider, Pla withdrew and a new attorney filed a notice of

---

[1] The firm in which Lila and Pla were partners was originally named Raslan, El-Kamhawy & Pla, LLC, but the firm underwent a name change in 2009 and is now Raslan & Pla, LLC.

appearance. The trial court subsequently found Fares's motion for reconsideration to be moot.

{¶ 5} The trial court granted summary judgment to NCB and bifurcated Tabbaa's and Fares's cross-claims from the NCB foreclosure. Tabbaa and Fares then dismissed the cross-claims. Tabbaa alleges that Pla subsequently purchased the foreclosed property from NCB at auction and is now a necessary and indispensable witness in that case.

{¶ 6} In 2010, Tabbaa filed the instant case, seeking declaratory relief against Lila, arguing that Lila has no interest in the business or property because the alleged transfer to Lila and Luna Tabbaa had no legal effect. Lila and Fares filed counterclaims against Tabbaa. Pla filed a notice of appearance on behalf of Lila. In September 2010, Tabbaa filed a motion to disqualify Pla, which was "dismissed" by the trial court without prejudice. Months later, counsel for Tabbaa orally renewed the motion to disqualify Pla and the trial court granted the motion.

{¶ 7} Lila now appeals, raising six assignments of error.

{¶ 8} A trial court's decision to disqualify a litigant's attorney is a final, appealable order. *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 183 Ohio App.3d 770, 2009-Ohio-4655, 918 N.E.2d 1052, ¶ 17 (9th Dist.), quoting *Russell v. Mercy Hosp.*, 15 Ohio St.3d 37, 472 N.E.2d 695 (1984), syllabus.

{¶ 9}  In her first assignment of error, Lila argues that the trial court abused its discretion in granting Tabbaa's motion to disqualify attorney Pla because the *Dana*[2] test was not applied. In her second assignment of error, Lila argues that the trial court abused its discretion in granting Tabbaa's motion to disqualify attorney Pla because there was no attorney-client relationship between Pla and Lila.   In her third assignment of error, Lila argues that the trial court abused its discretion in granting Tabbaa's motion to disqualify attorney Pla because Tabbaa never alleged an attorney-client privilege.   In her fourth assignment of error, Lila argues that the *Dana* test was not met because Tabbaa failed to demonstrate that attorney Pla acquired confidential information.

{¶ 10} Lila's first four assignments of error require this court to review the factual findings of the trial court in order to evaluate whether it abused its discretion in disqualifying attorney Pla based on alleged conflicts of interest.   However, Lila has failed to file a transcript of the hearing where the court reconsidered the motion to disqualify.   The record on appeal must contain the transcripts of proceedings held in the trial court as well as papers and exhibits filed below.   App.R. 9(A). The appellant has the duty to ensure that the record on appeal contains any transcripts "necessary for the determination of the appeal[.]" App.R. 10(A).

> It is axiomatic that the party challenging a judgment has the burden to file
> an adequate record with the reviewing court to exemplify its claims of error.
>  Absent certification of an adequate record, a reviewing court must

---

[2] *Dana v. Blue Cross & Blue Shield*, 900 F.2d 882, 889 (6th Cir.1990).

presume regularity of the proceedings and affirm the judgment of the trial court. *West v. Allstate Ins. Co.*, 8th Dist. No. 87825, 2007-Ohio-76, ¶ 8, citing *Chaney v. East*, 97 Ohio App.3d 431, 435, 646 N.E.2d 1138 (8th Dist. 1994).

{¶ 11} Moreover, Lila's options were not limited to the actual transcript. If a transcript is unavailable, an appellant may submit an App.R. 9(C) statement or an App.R. 9(D) agreed statement of the case in lieu thereof. Lila has provided neither a transcript nor a suitable alternative.

> When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

Consequently, we are unable to determine whether the trial court abused its discretion or failed to apply the *Dana* test, as alleged. *See also Easterwood v. Easterwood*, 9th Dist. No. 09CA0043-M, 2010-Ohio-214.

{¶ 12} Therefore, we presume the regularity of the trial court's proceedings and find that the court did not abuse its discretion in disqualifying attorney Pla.

{¶ 13} Accordingly, Lila's first four assignments of error are overruled.

{¶ 14} In her fifth assignment of error, Lila argues that res judicata does not preclude this matter because the previous case was voluntarily dismissed.

{¶ 15} Having presumed regularity in terms of the trial court's decision to grant Tabbaa's motion to disqualify, the question of whether res judicata applies is now moot.

{¶ 16} Accordingly, Lila's fifth assignment of error is overruled.

{¶ 17} In her sixth assignment of error, Lila argues that the trial court abused its discretion in failing to follow proper procedure in ruling on attorney Pla's disqualification.

{¶ 18} First, Lila argues that after Tabbaa's counsel orally renewed his motion to disqualify Pla in June 2011, she was not given seven days to reply in writing. Lila also argues that she was not given a hearing on the matter.

> A trial court, however, is not required to hold a hearing on every motion to disqualify counsel on the basis of a conflict of interest. *Shawnee Assoc., L.P. v. Shawnee Hills*, 5th Dist. No. 07CAE050022, 2008-Ohio-461, ¶ 34 (finding that *Kala* [*v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 688 N.E.2d 258 (1998),] stands for the proposition that a trial court must hold an evidentiary hearing on "side-switching" cases, not all cases); *Harsh v. Kwait*, 8th Dist. No. 76683, at 3-4, (Oct. 5, 2000); *Luce v. Alcox*, 10th Dist. No. 04AP-1250, 2005-Ohio-3373, ¶ 6. *Holmer v. Holmer*, 3d Dist. No. 13-07-28, 2008-Ohio-3228, at ¶ 25.

Lila was aware of the grounds for disqualification because the motion was filed in September 2010. Thus, the "hearing" held on reconsidering the motion in June 2011 provided her an opportunity to be heard on the issues raised.

{¶ 19} Accordingly, Lila's sixth assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
MARY EILEEN KILBANE, J., CONCUR