[Cite as *In re R.J.G.*, 2017-Ohio-18.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104703

---

# IN RE: R.J.G.

## [Appeal By A.K., Mother]

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 10109592

**BEFORE:** E.A. Gallagher, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 5, 2017

**ATTORNEY FOR APPELLANT**

Robert C. Hetterscheidt
580 South High Street, Suite 200
Columbus, Ohio 43215


**ATTORNEY FOR APPELLEE**

John V. Heutsche
John V. Heutsche Co. L.P.A.
Hoyt Block Building, Suite 220
700 West St. Clair Avenue
Cleveland, Ohio 44113-1273


**GUARDIAN AD LITEM**

James H. Schultz
55 Public Square
Suite 1700
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Appellant A.K., mother of R.J.G. (the "mother"), appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division (the "juvenile court") denying her motion for attorney fees in connection with a motion filed by R.G., father of R.J.G. (the "father"), to modify the allocation of parental rights and responsibilities relating to R.J.G. ("motion to modify"). For the reasons that follow, we affirm the decision of the juvenile court.

**Factual and Procedural Background**

{¶2} On June 23, 2015, the father filed a motion to modify allocation of parental rights and responsibilities relating to R.J.G. He sought to modify the shared parenting order previously entered by the court on the grounds that the mother was moving and changing R.J.G.'s school and neglecting her educational needs. The father requested that he be designated the residential parent and legal custodian of R.J.G. for school enrollment purposes and that the shared parenting schedule be modified to reflect the fact that R.J.G. would be residing with the father and visiting with the mother. This was the father's third request to modify the parties' parental rights and responsibilities relating to R.J.G.

{¶3} On October 29, 2015, the mother filed a motion for attorney fees seeking to require the father to "reimburse" her for all the attorney fees and expenses she would incur in opposing the motion to modify. She maintained that, as a result of the parties' prior custody disputes, she had incurred approximately $25,000 in attorney fees ($15,000 in attorney fees from 2010 to February 2013 and $10,000 in attorney fees from January

2014 to January 2015) and that she anticipated she would incur at least another $10,000 in attorney fees litigating the motion to modify. Based upon the alleged disparity in the parties' income — the mother claimed that she earned $25,000 annually and that the father worked in "upper management in the family business" and lived in a $500,000 "estate" — the mother requested that the juvenile court order the father to "reimburse" her $15,000 in attorney fees and expenses in opposing the motion to modify.[1]

{¶4} On December 29, 2015, the juvenile court began conducting an evidentiary hearing on the motion to modify, the mother's motion for attorney fees and several related motions.[2] The hearing was not completed on that date and was continued until March 2016 to allow for additional testimony.

{¶5} On February 12, 2016, the mother's counsel filed an affidavit in support of her motion for attorney fees. In the affidavit, counsel attested that he has "been practicing exclusively in the areas of Domestic and Juvenile Law for the past forty (40) years (since 1976)." He detailed the parties' prior custody disputes and the procedural history of the current action and stated that the mother had incurred more than $40,000 in

---

[1] There is nothing in the mother's motion that explains what expenses she anticipated incurring **or** why she believed she was entitled to "*$15,000* in attorney [fees] and expenses for her defense of this action" even though she stated earlier in her motion that she anticipated that the "pending case will * * * have attorney fees of at least *$10,000.*" (Emphasis added.) The mother did not seek reimbursement of the attorney fees she incurred prior to June 2015 in connection with the parties' prior custody disputes.

[2] The transcript from the December 29, 2015 hearing is not part of the record on appeal. Accordingly, although it appears from the transcript of the March 10, 2016 hearing that the mother had "presented all the invoices" for her attorney fees at the December 29, 2015 hearing and had testified at the hearing regarding "how she was paying for them," that evidence is not before this court.

attorney fees in litigating custody issues over the past five years and that her attorney fees "for the current action have exceeded $15,000." He also included information in his affidavit regarding the father's and mother's employment and income and represented that the mother has had to borrow money and use "family credit cards (on which she makes monthly payments) * * * to keep up with the mounting attorney fees."

**{¶6}** On March 10, 2016, the juvenile court heard additional testimony and received additional evidence pertinent to the motion to modify, the mother's motion for attorney fees and a motion to establish child support. As it relates to this appeal, the mother identified monthly billing statements from her counsel from the time period October 2011 through March 2016. She acknowledged that the billing statements did not reflect any payments since 2011. The mother testified that although she had an agreement with her counsel to make regular payments toward her outstanding attorney fees, she had not done so. The juvenile court indicated that the billing statements would be marked as exhibit No. 10.[3]

**{¶7}** On May 26, 2016, the juvenile court denied the mother's motion for attorney fees pursuant to Loc.Juv.R. 50(D) on the grounds that her counsel had failed to provide the testimony required under Loc.Juv.R. 50(B)(2) and 50(B)(3).

**{¶8}** The mother appealed the juvenile court's ruling, raising the following sole assignment of error for review:

> The trial court erred as a matter of law and a matter of fact as well as abused its discretion in its dismissal of the Appellant/Mother's Motion for

---

[3] This exhibit was not included as part of the record on appeal.

Attorney Fees.

**Law and Analysis**

{¶9}   The mother maintains that her counsel complied with Loc.Juv.R. 50 and further argues that even if he did not "specifically compl[y]" with the local rule, the juvenile court should have nevertheless decided the attorney fees issue based upon the merits of her motion.   Although the mother asserts in her brief that she "presented [evidence] to the court" that she "had accumulated attorney fees in the amount of $10,275.00 since July 15, 2016 [sic] (when the current litigation began)," [4] she inexplicably asks this court to order the father to pay $15,000 in attorney fees to "compensate" her for "the continual litigation created by the Ap[5]pellee/Father and his insistence that he is going to continue to litigate this matter until the court gets it right." In the alternative, she asks this court to remand the matter back to the juvenile court to consider the motion for attorney fees "based upon the merits in the evidence presented to the court."

{¶10}   We review a trial court's decision whether to award attorney fees for abuse of discretion.   An abuse of discretion occurs where the trial court's decision is unreasonable, arbitrary or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

---

[4] We note that this statement conflicts with the affidavit from the mother's counsel.   In   his affidavit, counsel represented that the mother's attorney fees "exceeded $15,000.00."   Because the exhibit containing the billing statements was not included in the record, we have no way of determining which of these figures, if any, is accurate.

**{¶11}** Rule 50 of the Local Rules of the Cuyahoga County Court of Common Pleas, Juvenile Division ("Loc.Juv.R. 50"), which governs requests for attorney fees, provides in relevant part:

(B) Evidence in support of motion.

At the time of the final hearing on the motion or pleading that gives rise to the request for attorney fees, the attorney seeking fees shall present:

(1) An itemized statement of the services rendered, the time of such services, and the requested hourly rate for in-court time and out-of-court time.

(2) Testimony as to whether the case was complicated by any or all of the following:
(a) new or unique issues of law;
(b) difficulty in ascertaining or valuing the parties' income/assets;
(c) problems with completing discovery;
(d) any other factor necessitating extra time being spent on the case;

(3) testimony regarding the attorneys years in practice and experience in juvenile cases; and

(4) evidence of the parties' respective income and expenses, if not otherwise disclosed during the hearing.

* * *

(D) Failure to comply with the provisions of this rule shall result in the denial of a request for attorney fees.

**{¶12}** "Local rules are created with the purpose of promoting the fair administration of justice and eliminating undue delay" and "also assist practicing attorneys by providing guidelines for orderly case administration." *Cavalry Invests. v. Dzilinski*, 8th Dist. Cuyahoga No. 88769, 2007-Ohio-3767, ¶ 16. "'[C]ourts are to be

given latitude in following their own local rules; the enforcement of rules of court is held to be within the sound discretion of the court.'" *In re T.W.*, 8th Dist. Cuyahoga Nos. 88360 and 88424, 2007-Ohio-1441, ¶ 39, quoting *Ciokajlo v. Ciokajlo*, 1st Dist. Hamilton No. C-810158, 1982 Ohio App. LEXIS 12823, *4 (July 28, 1982); *Jackson v. Jackson*, 11th Dist. Lake Nos. 2011-L-016 and 2011-L-017, 2012-Ohio-662, ¶ 30.

**{¶13}** In this case, the juvenile court denied the mother's motion for attorney fees pursuant to Loc.Juv.R. 50(D) on the grounds that her counsel had failed to provide the testimony required under Loc.Juv.R. 50(B)(2) as to whether the case was complicated by the factors specified in that provision and Loc.Juv.R. 50(B)(3) regarding the attorneys years in practice and experience in juvenile cases.

**{¶14}** The mother's counsel did not testify at the March 10, 2016 hearing. However, he contends that the affidavit he submitted in support of the mother's motion for attorney fees was sufficient to satisfy the requirements of Loc.Juv.R. 50(B)(2) and (3). Even assuming counsel's statement in his affidavit that he has "been practicing exclusively in the areas of Domestic and Juvenile Law for the past forty (40) years (since 1976)" was sufficient to satisfy the requirement that counsel provide "testimony regarding the attorneys years in practice and experience in juvenile cases" under Loc.Juv.R. 50(B)(3), there is still the issue of his failure to provide "[t]estimony as to whether the case was complicated by" the factors specified in Loc.Juv.R. 50(B)(2). Contrary to the mother's assertion, the fact that the trial judge "has been involved in every aspect of this case" and "has complete knowledge of the goings on in the case," does not excuse compliance with this requirement. Counsel's discussion, in his affidavit, of the parties'

prior custody disputes and the procedural history of this case does not constitute testimony as to whether the cause was complicated by any new or unique issues of law, difficulty in ascertaining or valuing the parties' income/assets, problems with completing discovery or any other factor necessitating extra time being spent on the case as required under Loc.Juv.R. 50(B)(2).

{¶15} Furthermore, we note that neither the transcript from the December 29, 2015 hearing nor the "itemized statement of the services rendered" — i.e., counsel's billing statements marked as exhibit No. 10 at the March 10, 2016 hearing — is part of the record on appeal. As appellant, the mother was responsible for providing this court with the complete record of the facts, testimony and evidentiary matters necessary to support her assignment of error. *State v. Smith*, 8th Dist. Cuyahoga No. 94063, 2010-Ohio-3512, ¶ 11; App.R. 9. This includes the relevant exhibits that were submitted to the trial court. *Urban Partnership Bank v. Mosezit Academy, Inc.*, 8th Dist. Cuyahoga No. 100712, 2014-Ohio-3721, ¶ 20; *Freedom Mtge. Corp. v. Petty*, 8th Dist. Cuyahoga No. 95834, 2011-Ohio-3067, ¶ 68; App.R. 9(A). In the absence of evidence that is necessary to resolve an assignment of error, a reviewing court must presume the regularity of the trial court's proceedings and affirm the trial court's judgment. *See Tabbaa v. Raslan*, 8th Dist. Cuyahoga No. 97055, 2012-Ohio-367, ¶ 10-12.[5]

---

[5] Indeed, it is not entirely clear from the transcript of the March 10, 2016 hearing whether exhibit No. 10 was, in fact, admitted into evidence. Although the transcript reflects that the billing statements were marked as exhibit No. 10 and that the mother's counsel "wanted to make sure [that exhibit] got in," it does not appear from the record that the juvenile court ever formally admitted the exhibit.

After the presentation of evidence, the juvenile court stated, with respect to

**{¶16}** The juvenile court's finding that counsel failed to comply with Loc.Juv.R. 50 is supported by the record. On the record before us, we cannot say that the juvenile court abused its discretion in enforcing its local rules and denying the mother's motion for attorney fees pursuant to Loc.Juv.R. 50(D). Accordingly, the mother's sole assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

---

the admission of exhibits:

> Actually, what I would like to do is, I am going to excuse — if you're going to — after closing statements or closing arguments, I'm going to excuse the parties, and then the guardian ad litem and the attorneys will remain. I will come off of the bench and we will go through each exhibit to make sure that they are — and then we'll go back on the record and I will note any objections.

After the parties' closing arguments, the juvenile court stated:

> All right. I'm going to take this under advisement. The parties are done. I need the attorneys to remain so that we can review all of the exhibits.

There was no further discussion of exhibit No. 10, including whether the juvenile court admitted the exhibit or whether there were any objections to the exhibit, on the record. "'A reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court.'" *Cuyahoga Falls v. Doskocil*, 9th Dist. Summit No. 26553, 2013-Ohio-2074, ¶ 12, quoting *Patio Enclosures, Inc. v. Four Seasons Marketing Corp.*, 9th Dist. Summit No. 22458, 2005-Ohio-4933, ¶ 66; *see also Urban Partnership Bank*, 2014-Ohio-3721, at ¶ 20, fn. 9.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR