**WELLS FARGO BANK, NATIONAL ASSOCIATION et al., Appellants,**

v.

**BYRD et al., Appellees, et al.**

[Cite as *Wells Fargo Bank, N.A. v. Byrd,* 178 Ohio App.3d 285, 2008-Ohio-4603.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–070889 and C–070890.

Decided Sept. 12, 2008.

The Law Offices of John D. Clunk, Jason A. Whitacre, Michael L. Wiery, and Laura C. Landor, for appellants.

Legal Aid Society of Southwest Ohio, Noel M. Morgan, and Elizabeth Tull, for appellees.

---

DINKELACKER, Judge.

{¶ 1} Since plaintiff-appellant Wells Fargo was not a real party in interest at the time it filed suit in this foreclosure action, the trial court properly dismissed the case. But the dismissal should have been without prejudice. Further, the trial court lacked authority to sanction counsel by requiring counsel to adhere to additional pleading requirements in future cases.

### Putting the Cart Before the House

{¶ 2} On January 23, 2007, Wells Fargo filed a foreclosure action against defendants-appellees, Gloria and Ellsworth Byrd. Wells Fargo claimed that it was "the holder and owner of a certain promissory note" and "the owner and holder of a certain mortgage deed, securing the payment of said note." But both the note and the mortgage identified in the complaint named WMC Mortgage Corporation as the lender.

{¶ 3} Wells Fargo filed a motion seeking summary judgment. Attached to the motion for summary judgment was an "Assignment of Note and Mortgage" that acknowledged that WMC had sold, assigned, transferred, and set over the mortgage deed and promissory note to Wells Fargo. The assignment was dated March 2, 2007—over a month after the complaint had been filed.

{¶ 4} The case was referred to a magistrate who entered summary judgment for Wells Fargo. The trial court sustained the Byrds' subsequent objections to that decision. The trial court then took two additional steps not requested by the Byrds: (1) it dismissed the case with prejudice and (2) it ordered the law firm representing Wells Fargo, appellant Law Offices of John D. Clunk Co., L.P.A., to submit "proof that their client is, in fact, a real party in interest at the time of the filing" of any future foreclosure complaints that the firm might file.

{¶ 5} Wells Fargo requested findings of fact and conclusions of law. In response, the trial court issued an entry titled "Findings of Fact, Conclusions of Law, and Amended Judgment Entry," in which it said that the dismissal was "not a dismissal on the merits." The trial court explained the Clunk firm's future

obligations to the court by stating that "at the time of the filing of a foreclosure action, [the Clunk firm must] file documentation showing that their client is the real party in interest as of the date of the filing of the lawsuit."

{¶ 6} Both Wells Fargo and the Clunk firm have appealed. Wells Fargo argues that (1) the trial court erred in dismissing the case with prejudice on jurisdictional grounds, (2) the trial court erred in dismissing the case without notice, (3) the trial court should have adopted the decision of the magistrate granting its motion for summary judgment, (4) the trial court misapplied Civ.R. 17, (5) the trial court lacked authority to convert its original dismissal with prejudice to a dismissal without prejudice, and (6) the trial court improperly used its subsequent entry to modify the substance of its prior decision. The Clunk firm argues, in two assignments of error, that the trial court improperly sanctioned it.

### The Dismissal Issue:  To Dismiss or Not

{¶ 7} There is little case-law guidance on the issue whether Wells Fargo, which was clearly not a real party in interest when the suit was filed, could later have cured the defect by producing an after-acquired interest in the litigation. We hold that the defect could not have been cured in that way.

{¶ 8} Civ.R. 17(A) says that "[e]very action shall be prosecuted in the name of the real party in interest.  * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶ 9} A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of the action.[1]  The Eleventh Appellate District has held that "Civ.R. 17 is not applicable when the plaintiff is not the proper party to bring the case and, thus, does not have standing to do so.  A person lacking any right or interest to protect may not invoke the jurisdiction of a court."[2]  The court also noted that "Civ.R. 17(A) was not applicable 'unless the plaintiff had standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter.'  Civ.R. 17 only applies if

---

1.  *State ex rel. Dallman v. Court of Common Pleas* (1973), 35 Ohio St.2d 176, 64 O.O.2d 103, 298 N.E.2d 515, syllabus.

2.  (Citations omitted.)  *Northland Ins. Co. v. Illum. Co.,* 11th Dist. Nos. 2002–A–0058 and 2002–A–0066, 2004-Ohio-1529, 2004 WL 612889, at ¶ 17.

the action is commenced by one who is sui juris or the proper party to bring the action."[3]

{¶ 10} The Twelfth Appellate District agrees. In 2007, the court held that "[t]he 'real party in interest is generally considered to be the person who can discharge the claim on which the suit is brought * * * [or] is the party who, by substantive law, possesses the right to be enforced.' "[4] Unless a party has some real interest in the subject matter of the action, that party will lack standing to invoke the jurisdiction of the court. The court concluded that "[i]n a breach of contract claim, only a party to the contract or an intended third-party beneficiary of the contract may bring an action on a contract in Ohio."[5]

{¶ 11} Such a rule would seem to be in the spirit of Civ.R. 17, which only allows a plaintiff to cure a real-party-in-interest problem by (1) showing that the real party in interest has ratified the commencement of the action, or (2) joining or substituting the real party in interest.[6]

{¶ 12} Since WMC was not joined or substituted in this case, the only argument Wells Fargo could have made was that WMC had ratified its actions. Ratification is a way that an agent can bind a principal.[7] But ratification will not apply when the actor is not acting as the agent of the principal.[8]

{¶ 13} In this case, Wells Fargo admitted to the trial court that it was not the real party in interest when the suit was filed. Wells Fargo filed suit on its own behalf and acquired the mortgage from WMC later. It was not acting as WMC's agent. There was no evidence that WMC had "ratified" the commencement of the action—only that it had sold the mortgage to Wells Fargo. None of the documents indicated that WMC even knew about this case. For ratification

---

**3.** *Travelers Indemn. Co. v. R.L. Smith Co.* (Apr. 13, 2001), 11th Dist. No. 2000–L–014, 2001 WL 369677, quoting *Franzese v. Falcon* (Nov. 19, 1979), Lake App. No. 7–071, 1979 WL 208213.

**4.** *Discover Bank v. Brockmeier*, 12th Dist. No. CA2006–07–078, 2007-Ohio-1552, 2007 WL 959907, at ¶ 7, quoting *In re Highland Holiday Subdiv.* (1971), 27 Ohio App.2d 237, 240, 56 O.O.2d 404, 273 N.E.2d 903.

**5.** Id., citing *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 161, 566 N.E.2d 1220.

**6.** Civ.R. 17(A).

**7.** See *Morr v. Crouch* (1969), 19 Ohio St.2d 24, 48 O.O.2d 43, 249 N.E.2d 780.

**8.** See *Alban Equip. Co. v. MPH Crane, Inc.* (June 2, 1989), 4th Dist. No. 424, 1989 WL 62860 (" 'Ratification does not result from the affirmance of a transaction with a third person unless the one acting purported to be acting for the ratifier' "), quoting 1 Restatement of the Law 2d, Agency (1958) 217, Section 85; see also *Williams v. Stearns* (1898), 59 Ohio St. 28, 51 N.E. 439.

to occur, the ratifying party must know what actions it is ratifying.[9]  While Wells Fargo repeatedly argued that ratification had occurred, it seemed to be confused as to which party had to ratify.  Below, it argued that "Plaintiff, being a real party in interest, did ratify the commencement of this action * * *." But Civ.R. 17 makes clear that it was WMC, not Wells Fargo, that had to ratify the commencement of the action.

{¶ 14} Wells Fargo has found one decision that holds to the contrary.  In *Bank of New York v. Stuart*,[10] the Ninth Appellate District held that a bank that had filed a foreclosure action could cure a real-party-in-interest problem by subsequently obtaining the mortgage.[11]  But the only authority for this holding was two federal cases from 1966 and 1979.  And the two cases are distinguishable.  In the first case, the plaintiff was the one who had done all the work that was the subject of the litigation, and the "real party in interest" was "a mere 'straw man' throughout." [12]  In the second case, the plaintiff was already a party in his own right and was assigned the claims of another plaintiff.[13]

{¶ 15} We find instructive a more recent federal case addressing the application of the rule (but in the context of a statute of limitations).[14]  In that case, the party suing did not have a claim at the time suit was filed but received an assignment of the claim after it had commenced the litigation.  The court held that "[Civ.R.] 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment." [15]  In that case, the court concluded that "B & K's assignment to the Wulffs of its claim against CMA cannot ratify the Wulffs' commencement of suit on a claim which theretofore did not exist." [16]

---

**9.** See *Lithograph Bldg. Co. v. Watt* (1917), 96 Ohio St. 74, 85, 117 N.E. 25 (before the principal can be held to ratify the unauthorized acts of his agent, it must appear that he had knowledge of all material facts).

**10.** 9th Dist. No. 06CA008953, 2007-Ohio-1483, 2007 WL 936706.

**11.** Id. at ¶ 12.

**12.** *Campus Sweater & Sportswear Co. v. M.B. Kahn Constr. Co.* (D.S.C.1979), 515 F.Supp. 64, 84–85.

**13.** *Dubuque Stone Prods. Co. v. Fred L. Gray Co.* (C.A.8, 1966), 356 F.2d 718, 723–724.

**14.** *United States v. CMA, Inc.* (C.A.9, 1989), 890 F.2d 1070, 1074.

**15.** Id.

**16.** Id. See also *Feist v. Consolidated Freightways Corp.* (E.D.Pa.1999), 100 F.Supp.2d 273, 274 (plaintiff's filing of suit in his own name after his Chapter 7 case was closed, and after having failed to list injury claim as estate asset, was not result of honest mistake and thus warranted dismissal rather than substitution of bankruptcy trustee as real party in interest); *Automated*

{¶ 16} In light of the foregoing authority, we must respectfully disagree with the Ninth Appellate District. We hold that in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage. Wells Fargo's third, fourth, and sixth assignments of error are overruled.

### The Dismissal Issue: Sua Sponte Dismissal

{¶ 17} Having determined that the trial court could have properly dismissed the case for lack of standing when the suit was filed, we must next determine if dismissal was proper when, as here, it was not requested by the Byrds. Sua sponte dismissals ordinarily prejudice appellants, because they deny any opportunity to respond to the alleged insufficiencies.[17] But here both parties argued the real-party-in-interest issue, and the facts were clear in the record. Wells Fargo did not have standing at the time the complaint was filed. The record unequivocally indicates that WMC did not assign its rights under the mortgage to Wells Fargo until March 2, 2007. Under these circumstances, there was nothing left for the trial court to address. We overrule Wells Fargo's second assignment of error.

### The Dismissal Issue: With or Without Prejudice

{¶ 18} A dismissal of a claim other than on the merits should be a dismissal without prejudice.[18] We agree with Wells Fargo that a dismissal that is premised on jurisdiction "operate[s] as a failure otherwise than on the merits" and should be a dismissal without prejudice.[19] The dismissal of an action because one of the parties is not a real party in interest or does not have standing is not a dismissal on the merits.[20]

{¶ 19} But the trial court dismissed this case with prejudice. While it attempted to correct this with a subsequent entry, a trial court is without

---

*Information Processing, Inc. v. Genesys Solutions Group, Inc.* (D.N.Y.1995), 164 F.R.D. 1, 3 (The rule permitting substitution of real party in interest when necessary to avoid injustice did not permit substitution of newly formed corporation as plaintiff after it was discovered that corporation that originally brought action had been dissolved).

17. *MBNA Am. Bank, N.A. v. Canfora,* 9th Dist. No. 23588, 2007-Ohio-4137, 2007 WL 2318095, at ¶ 14.

18. See *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 23 O.O.3d 232, 431 N.E.2d 660.

19. See Civ.R. 41(B)(4).

20. See *State ex rel. Coles v. Granville,* 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, at ¶ 51.

jurisdiction to modify an order dismissing a cause with prejudice to one without prejudice, unless the requirements of Civ.R. 60 are met.[21]

{¶ 20} In this case, the requirements of Civ.R. 60 were not met, and, therefore, the trial court could not have changed its final decision from a dismissal with prejudice to one without prejudice. We sustain Wells Fargo's first and fifth assignments of error. But since the case should have been dismissed without prejudice, we modify the decision of the trial court from a dismissal with prejudice to a dismissal without prejudice. Wells Fargo, now a proper party to initiate a foreclosure action against the Byrds, is free to do so.

### The Sanction Issue

{¶ 21} The Clunk firm, in two related assignments of error, claims that the trial court improperly ordered it to "file documentation showing that their client is the real party in interest as of the date of the filing of the lawsuit" in all future foreclosure actions filed by the firm. We agree.

{¶ 22} There is no authority for what the trial court did. The Byrds did not seek sanctions, there was no notice of the possibility that this firm would be sanctioned, and there was no hearing on sanctions. The trial court did not limit the sanction to this case but sanctioned the firm for all of its future conduct. In essence, the trial court crafted an additional pleading requirement that would apply only to one law firm. Apart from the vexatious-litigator statute, there is no authority that would allow a trial court to impose additional pleading requirements on an individual—let alone a law firm—in future litigation. The Byrds have cited no such authority and, in fact, have not addressed these assignments of error in their brief. We sustain the law firm's two assignments of error.

### Conclusion

{¶ 23} The trial court properly dismissed the foreclosure complaint filed by Wells Fargo in this case because, at the time the complaint was filed, it did not own the mortgage that was the basis for the suit. Acquiring the mortgage by assignment after the suit was commenced could not have cured the jurisdictional defect arising from the fact that, at the time the lawsuit was filed, Wells Fargo had no claims to make against the Byrds. But while the dismissal was proper, it should have been, and is now ordered to be, without prejudice.

{¶ 24} The trial court lacked authority to order the Clunk firm, upon the filing of future foreclosure complaints, to present additional documentation demonstrating that its clients are the real parties in interest.

---

21. *Young v. Ohio Adult Parole Auth.* (Apr. 27, 2001), 2nd Dist. No. 2001 CA 3, 2001 WL 427563.

{¶ 25} The judgment of the trial court is affirmed in part as modified with respect to dismissal of the action, and reversed in part with respect to the imposition of sanctions.

Judgment accordingly.

HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.