[Cite as *Fifth Third Mtge. Co. v. Bihn*, 2012-Ohio-637.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

FIFTH THIRD MORTGAGE COMPANY         :

    Plaintiff-Appellee         :         C.A. CASE NO. 24691

v.         :         T.C. NO.    10CV476

JACQUELINE S. BIHN         :         (Civil appeal from
aka JACQUELINE F. BIHN                Common Pleas Court)

    Defendant-Appellant         :

                                           :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the    17th    day of    February   , 2012.

        . . . . . . . . . .

KARL H. SCHNEIDER, Atty. Reg. No. 0012881 and MARK R. METERKO, Atty. Reg. No. 0080992, 250 Civic Center Drive, Suite 500, Columbus, Ohio 43215
        Attorneys for Plaintiff-Appellee Fifth Third Mortgage Company

TED GUDORF, Atty. Reg. No. 0034574, 8141 N. Main Street, Suite C 250, Dayton, Ohio 45415
        Attorney for Defendant-Appellant Jacqueline S. Bihn

GEORGE PATRICOFF, Atty. Reg. No. 0024506, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee Montgomery County Treasurer

DONN ROSENBLUM, Atty. Reg. No. 0016552, 150 E. Gay Street, 21st Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellee State of Ohio Department of Taxation
CHRISTOPHER COWAN, Atty. Reg. No. 0018232, 12 W. Monument Avenue, Suite 100, Dayton, Ohio 45402

Attorney for Defendant-Appellee Thomas Percy

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of Jacqueline S. Bihn, filed June 17, 2011.   Bihn appeals from the grant of summary judgment on a complaint in foreclosure in favor of Fifth Third Mortgage Company ("FTMC").

{¶ 2}   On January 20, 2010, FTMC filed its complaint in part against Bihn and her husband, Thomas J. Bihn, asserting that the Bihns executed and delivered a note, in the amount of $135,000.00, on April 4, 1983, and that the sum of $33,136.88, with interest of 4.125% per annum from July 1, 2009, plus late charges, was due thereon.   FTMC further asserted that it is the holder and owner of a mortgage deed securing payment of the note. Attached to the complaint are copies of the Adjustable Rate Note and Open-End Mortgage. Citizens Federal Savings and Loan Association of Dayton ("CFSL") is identified as the lender on the note and as the mortgagee on the mortgage.   There are no indorsements on the note. Also attached to the complaint is an Assignment of Mortgage, executed November 23, 2009, which provides that CFSL assigned its interest in the mortgage to FTMC.   The assignment is signed by Brad Griffith, and it was recorded on November 30, 2009 as 09-079538.   Finally, attached to the complaint are several notices of federal tax liens on the property.

{¶ 3}   In their Answer, the Bihns admitted default, and as affirmative defenses they asserted that FTMC failed to state a claim upon which relief may be granted and that FTMC failed to join necessary parties.

{¶ 4} Attached to FTMC's September 10, 2010, motion for summary judgment is the Affidavit of Josh Ross, which provides that he is an "FCL analyst" at "Fifth Third Bank" with personal knowledge of the history of the loan at issue. Ross avers that he is the custodian of "the records pertaining to the Note and Mortgage," which have been maintained in the ordinary course of business, and he avers that true copies of them are attached to the complaint. Finally, he avers that the balance due, noted above, has been accelerated.

{¶ 5} The Bihns opposed the motion for summary judgment on October 4, 2010, arguing that FTMC is not the owner of the note and mortgage because the assignment of mortgage is invalid. According to the Bihns, the assignment "purports to be signed on behalf of an entity that ceased to exist in 1998," and a genuine issue of material fact exists as to whether FTMC was properly assigned the mortgage.

{¶ 6} Attached to the memorandum in opposition is the affidavit of Thomas Bihn. According to Bihn, he executed the note and mortgage and timely made all payments from April 1983 until December 2009. Bihn further averred that he had a kidney transplant in March 1996, and subsequent medical problems in 2008 prevented him from paying the taxes on the property. Bihn asserted that he had a second kidney transplant in February 2010. Bihn averred that a review of the records of the Ohio Secretary of State reveals that, on December 16, 1991, CFSL changed its name to Citizens Federal Bank, FSB, ("CFB"), and that CFB merged with Fifth Third (Western Ohio) on August 14, 1998. Bihn noted that the assignment was allegedly executed by CFSL, assigning the mortgage to FTMC, but that CFSL was not in existence on November 23, 2009, the date of the assignment.

{¶ 7} FTMC filed a reply, asserting that the assignment of mortgage is valid, and

that while CFSL "underwent a series of name changes and mergers, the entity itself still held the mortgage at the time the Assignment" was executed. According to FTMC, on the date the assignment of mortgage was executed, CFSL was the holder of the mortgage. FTMC further asserts, "to further clarify the record, a corrective Assignment of Mortgage fully stating the name changes and mergers was recorded," in the event the trial court determined that the initial assignment was invalid. According to FTMC, the fact that it executed the latter assignment subsequent to the filing of the complaint herein does not preclude it from prosecuting the foreclosure action as the real party in interest.

{¶ 8} Attached to the reply is the affidavit of Brad Griffith, which provides in part that, "on behalf of [CFSL], as Assistant Vice President," he executed the assignment of mortgage from "Citizens Federal" to FTMC. According to Griffith, CFSL was renamed CFB prior to the execution of the assignment; CFB was acquired by Fifth Third Bank, Western Ohio prior to the execution of the assignment; and Fifth Third Bank, Western Ohio was acquired by Fifth Third Bank prior to the execution of the assignment. Griffith avers that he has "signing authority" on behalf of CFSL; Fifth Third Bank, Western Ohio; Fifth Third Bank; and FTMC. Griffith avers that FTMC was the owner of the note and mortgage prior to the execution of the assignment and filing of the complaint.

{¶ 9} According to Griffith, on August 10, 2010, he executed an Assignment of Mortgage to correct the initial assignment. The assignment is attached to Griffith's affidavit, and it provides, at the top of the page, "Assignment being recorded to correct assignment recorded as 09-079358."[1] The latter assignment further provides: "* * * that

---

[1]As noted above, the original assignment attached to the complaint was

Fifth Third Bank successor by merger to Fifth Third Bank, Western Ohio successor by merger to Citizens Federal Bank, FSB f/k/a Citizens Federal Savings and Loan Association of Dayton ('Assignor')" assigns its interest in the mortgage at issue, together with the promissory note referred to therein, to FTMC. The assignment indicates that it was recorded August 16, 2010, as 10-048841, in the Recorder's Office, Montgomery County.

{¶ 10} In sustaining FTMC's motion for summary judgment, the trial court determined that no genuine issue as to any material fact exists relative to the complaint. The court found that the Bihns executed and delivered a mortgage on the premises known as 10585 Kley Road, Vandalia, Ohio 45377; that the mortgage was dated April 4, 1983, and filed for record on April 6, 1983, in Volume 83-322, page C05; that the mortgage was assigned to FTMC on August 16, 2010, in Volume 10-048841, Recorder's Office, Montgomery County, Ohio. Finally, the court found that FTMC had a valid lien on the premises.

{¶ 11} After the trial court granted the motion for summary judgment, the Bihns filed a motion to stay execution pending appeal, which the trial court granted. We further note that Jacqueline Bihn filed a Suggestion of Death on August 11, 2011, in which she indicated that Thomas Bihn died on July 23, 2011. This Court granted her request that his name be stricken from the matter, and that the action proceed in her name alone.

{¶ 12} Jacqueline Bihn asserts two assignments of error. Her first assigned error is as follows:

{¶ 13} "A GENUINE ISSUE OF MATERIAL FACT EXISTS IN RESPECT TO

---

recorded as 09-079538.

WHETHER FIFTH THIRD MORTGAGE COMPANY IS THE REAL PARTY IN INTEREST."

{¶ 14} FTMC initially argues that Bihn's arguments regarding whether it is the real party in interest and has standing to enforce the note have been waived, because Bihn failed to raise those arguments in the court below. In reply, Bihn asserts that in answer to the complaint, she denied that the mortgage was assigned to FTMC, and she asserted in opposition to FTMC's motion for summary judgment that FTMC is not the "owner of Note and Mortgage" attached to the complaint. We also note that FTMC asserted that it was the real party in interest in its reply in support of its motion for summary judgment. For those reasons, we will consider Bihn's first assigned error.

{¶ 15} Bihn asserts that FTMC "has not shown that they are the 'holder' of the note or a 'nonholder' in possession entitled to enforce the note at anytime." Bihn also asserts that FTMC "filed suit on its own behalf and acquired the mortgage from [FTB] later," on August 10, 2010, and she directs our attention to *Wells Fargo Bank, National Association v. Byrd,* 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722, ¶ 16 (1st Dist.), in which the First District held that, "in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure its lack of standing by subsequently obtaining an interest in the mortgage."

Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party,

reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. (Internal citations omitted). Our review of the trial court's decision to grant summary judgment is de novo. *Cohen v. G/C Contracting Corp.,* 2ND Dist. Greene No. 2006 CA 102, 2007-Ohio-4888, ¶ 20.

Civ.R. 17(A) provides:

Every action shall be prosecuted in the name of the real party in interest. * * * no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

{¶ 16} We have previously noted, in *Sugarcreek Twp. v. Centerville*, 184 Ohio App. 3d 480, 2009-Ohio-4794, 921 N.E.2d 655, ¶ 42 (2d Dist.):

The issue of standing "is a threshold question for the court to decide in order for it to proceed to adjudicate the action." *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 77, 701 N.E.2d 1002. The issue of "[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." Id. To decide whether the requirement has been satisfied that an action be brought by the real party in interest, "courts must look to the substantive law creating the right being sued

upon to see if the action has been instituted by the party possessing the substantive right to relief." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 25, 20 OBR 210, 485 N.E.2d 701.

{¶ 17} Bihn asserts that the real party in interest in foreclosure actions is the current holder of the note and mortgage, in reliance upon *Bank of America, N.A. v. Miller*, 194 Ohio App.3d 307, 2011-Ohio-1403, ¶ 25, (2d Dist.).

{¶ 18} Promissory notes are negotiable, and they may be transferred to someone other than the issuer. *Miller*, id. "'Negotiation' means a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument." R.C. 1303.21(A). However, under R.C. 130[3].21(B), if the note is payable to an identified person, "negotiation requires transfer of possession of the instrument and its indorsement by the holder."

{¶ 19} Herein, the note attached to the complaint is payable to an identified person, namely CFSL. Only CFSL, accordingly, could have negotiated the note, by transferring possession and either indorsing the note to a specific person or to "bearer." "A bearer is defined as 'the person in possession of an instrument * * * payable to bearer or endorsed in blank.'" *Miller*, id.

{¶ 20} FTMC directs our attention to *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-2, 2009-Ohio-4724, in which, as here, the plaintiff was not the original lender and there was no evidence that the note had been indorsed or negotiated to the plaintiff. The Fifth District held "that the assignment of a mortgage, without an express transfer of the note, was sufficient to transfer both the mortgage and the note, if the record indicated that

the parties intended to transfer both." *Federal Home Loan Mortgage Corp. v. Schwartzwald*, 194 Ohio App.3d 644, 2011-Ohio-2681, 957 N.E.2d 790, ¶ 54, (2d Dist.), citing *Dobbs*, ¶ 31.

{¶ 21} In *Schwartzwald,* this Court followed *Dobbs* and also declined to follow the holding in *Byrd*, relied upon by Bihn. The Schwartzwalds executed a note in favor of Legacy Mortgage and signed a mortgage granting Legacy Mortgage an interest in the property. Freddie Mac subsequently filed a foreclosure action, alleging it was the holder of the note, that the note was secured by a mortgage, and that the Schwartzwalds were in default. A copy of the mortgage was attached to the complaint, but no copy of the note was attached; Freddie Mac alleged that a copy of the note was unavailable.

{¶ 22} Subsequently, Freddie Mac filed a copy of the note, the final page of which was blank except for two indorsements. In a separate filing, Freddie Mac filed an assignment of mortgage (after the complaint was filed), transferring the mortgage from Wells Fargo Bank to Freddie Mac. Freddie Mac then moved for summary judgment, and it supported its motion with an affidavit from the Vice President of Loan Documentation for Wells Fargo, the servicing agent. At the request of the trial court, Freddie Mac filed two assignments of mortgage, one from Legacy Mortgage to Wells Fargo, dated in 2006, and one from Wells Fargo to Freddie Mac, dated in 2009. Both were notarized. The court then granted leave for the Schwatzwalds to file an untimely answer, and Freddie Mac withdrew its motion for summary judgment.

{¶ 23} Subsequently, Freddie Mac filed a new motion for summary judgment, supported by an affidavit from Herman Kennerty, Vice President of Loan Documentation for

Wells Fargo. Kennerty averred that he had custody of the Schwartzwalds' account, and that the records were kept in the regular course of Wells Fargo's business. Kennerty averred that Freddie Mac was the holder of the note and mortgage, and he authenticated copies of the original note and mortgage, which were attached. The copy of the note attached to the affidavit did not contain any indorsements. Kennerty further authenticated the assignment of the mortgage from Wells Fargo to Freddie Mac.

{¶ 24} In opposing Freddie Mac's motion for summary judgment, the Schwartzwalds argued that Freddie Mac had not established that it was the holder of the note and the mortgagee by assignment, relying on the fact that the note attached to Kennerty's affidavit did not contain any indorsements or allonges. They asserted that Freddie Mac lacked standing to prosecute the matter. According to the Schwartzwalds, on the face of the documents attached, Legacy Mortgage was the mortgagee, and Kennerty's affidavit did not explain any right of Wells Fargo to assign the mortgage.

{¶ 25} In affirming the judgment of the trial court, this Court initially noted that, while Kennerty's affidavit did not state that he had reviewed the documents in the Schwartzwalds' account, "personal knowledge may be inferred from the contents of an affidavit." Id., ¶ 31. This Court noted that the assignments of mortgage were filed with the trial court, and that they were notarized and self-authenticating.

{¶ 26} When considering Freddie Mac's right to enforce the note, this Court noted that R.C. 1303.31(A) identifies three classes of person who are entitled to enforce a note: "(1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to

enforce the instrument pursuant to R.C. 1303.38 or R.C. 1303.58(D)." Id., ¶ 35. Although Kennerty asserted that Freddie Mac was the "holder" of the note, "nothing on the note reflected that the note was subsequently negotiated by Legacy Mortgage." Id., ¶ 41. This court determined, "although Freddie Mac is apparently now in possession of the note, the lack of indorsements suggests that Freddie Mac received the note through transfer, but not negotiation," belying Kennerty's assertion that Freddie Mac was the holder of the note. Id.

{¶ 27} This court further noted, even if it were to consider the indorsements attached to the note initially filed, there was nothing to identify the page as an allonge, "nor does the page identify the note to which that page was allegedly affixed." Id., ¶ 42. Further the indorsements were in reverse order, the first being from Wells Fargo to Freddie Mac, and the second being from Legacy Mortgage to Wells Fargo. Neither of them were dated. The court concluded, because "there is no subsequent indorsement from Wells Fargo, the alleged allonge does not establish that Freddie Mac was ever the holder of the note." Id., ¶ 52.

{¶ 28} Freddie Mac further asserted that the assignments of mortgage from Legacy Mortgage to Wells Fargo and from Wells Fargo to Freddie Mac established its right to "enforce the note as a nonholder in possession." Id., ¶ 53. In reliance upon *Dobbs,* this Court reviewed the assignment of mortgage from Legacy Mortgage to Wells Fargo, which transferred all of Legacy Mortgage's "'rights, title and interest in and to a certain mortgage/deed of trust to secure the debt executed by [the Schwartzwalds].'" Id., ¶ 55. This Court further noted that the assignment from Wells Fargo to Freddie Mac stated that Wells Fargo "does hereby sell, assign, transfer, and set over [unto] Federal Home Loan Mortgage Corporation [the Schwartzwald's mortgage] * * * , together with the Promissory Note

secured thereby * * * ." Id. This Court concluded, "the assignments reflect the intent of Legacy and Wells Fargo to convey both the mortgage and the note, along with the attendant right to enforce the note," and that Freddie Mac was entitled to bring the foreclosure action as a nonholder in possession with a right to enforce the note. Id., ¶ 56.

{¶ 29} In rejecting the view held by the First District in *Byrd*, that the plaintiff must own the note and the mortgage at the time the complaint is filed, the Court determined that "the lack of standing or a real-party-in-interest defect can be cured by the assignment of the mortgage prior to judgment. To hold otherwise would elevate standing to a jurisdictional defect, a position that the Ohio Supreme Court has thus far rejected." Id., ¶ 75.

{¶ 30} As in *Dobbs*, the note herein refers to the mortgage, and the mortgage, in turn refers to the note. The mortgage provides, "TO SECURE TO Lender (a) the repayment of the indebtedness evidenced by the Note * * * Borrower does hereby mortgage, grant and convey to Lender the following described property * * * ." The mortgage further provides that breach of the covenant to pay may result in acceleration of the debt and foreclosure.

{¶ 31} The note provides in part, "I [the borrower] understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the 'Note Holder.'" The note further provides, "In addition to the protections given to the Note Holder under this Note, a Mortgage, dated April 4, 1983 protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. * * *."

{¶ 32} Further, as in *Schwartzwald,* while the note does not establish that it was negotiated such that FTMC is the holder thereof, the assignment of August 10, 2010, executed by Griffith, provides that it transfers both the note and the mortgage. Bihn asserts in her brief, "Defendants do not dispute that [FTB] had physical custody of the Note and Mortgage." Griffith's affidavit, along with the assignment of mortgage, provide that Fifth Third Bank, successor by merger to Fifth Third Bank, Western Ohio, successor by merger to CFB, f/k/a CFSL, assigned the mortgage together with the promissory note to FTMC. Griffith has signing authority for each of the entities in the chain of successor interests, and we cannot conclude, as Bihn asserts, that the assignment is "invalid" such that FTMC is not entitled to enforce the note. Further, the assignment was filed prior to judgment. In other words, pursuant to the assignment of mortgage, FTMC is the real party in interest entitled to prosecute the foreclosure action.

{¶ 33} Bihn's first assigned error is overruled.

{¶ 34} Bihn's second assignment of error is as follows:

{¶ 35} "A GENUINE ISSUE OF MATERIAL FACT EXISTS IN RESPECT TO WHETHER FIFTH THIRD BANK, THE PURPORTED ASSIGNOR OF THE MORTGAGE, IS A SUCCESSOR IN INTEREST TO CITIZENS FEDERAL SAVINGS AND LOAN ASSOCIATION OF DAYTON."

{¶ 36} Bihn relies upon *Bank of America, N.A. v. Miller* for the proposition that Grifffith's affidavit does not provide sufficient evidentiary support for the trial court's decision. In *Miller*, the defendants asserted that a genuine issue of material fact existed as to whether Bank of America ("BOA") was a successor in interest to Society Mortgage, the

original payee of the note and the original mortgagee of the mortgage. In support of that assertion, BOA filed a "Notice of Filing of Merger Documentation," attached to which were copies of documents relating to alleged mergers of various banking entities, many of which were of poor quality and illegible in places. Id., ¶ 8. Attached was a page entitled "Bank of America, National Association, Certificate of Secretary," in which a person identified as an assistant secretary of BOA related "a history of mergers between various entities, and states that the documents attached are true and accurate copies of documents filed with certain states or issued by certain offices." Id. The certificate was not notarized, and it did not contain any indication that the matters referred to were within the assistant secretary's personal knowledge. Id. BOA also filed a second "Notice," identical to the first, with slightly more legible copies. Id.

{¶ 37} This Court noted that the assistant secretary's certificate did not comply with Civ.R. 56(C), which allows summary judgment to be rendered only if competent summary judgment evidence, as set forth in that rule, which includes affidavits, shows that there is no genuine issue of material fact. We further noted that a "'paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit.' *In re Disqualification of Pokorny* (1992), 74 Ohio St.3d 1238, 657 N.E.2d 1345." *Miller*, ¶ 57. We concluded that the assistant secretary's certificate and the attached documents "cannot be used to support summary judgment in BOA's favor." Id.

{¶ 38} In contrast to the certificate in *Miller*, FTMC provided Ross' sworn affidavit, which authenticated the note and mortgage based on personal knowledge, as well as Griffith's affidavit relating his initial execution of the November 23, 2009 assignment of

mortgage, as well as the subsequent name changes and mergers of the various entities involved, and his execution, as Assistant Vice President of FTB, of the attached August 10, 2010 assignment of mortgage from FTB to FTMC. Griffith further avers that he is authorized to sign on behalf of each of the entities listed. In other words, a direct chain of succession is established between CFSL, the original mortgagee, and FTB, FTMC's assignor. Bihn provided no competent summary judgment evidence to refute that provided by FTMC. Since FTB is the successor in interest to CFSL, Bihn's second assigned error is overruled.

{¶ 39} There being no genuine issue of material fact, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Karl H. Schneider
Mark R. Meterko
Ted Gudorf
George Patricoff
Donn Rosenblum
Christopher Cowan
Hon. Frances E. McGee