[Cite as *HSBC Bank USA v. Sherman*, 2013-Ohio-4220.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATES as TRUSTEE for WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-15, | : | APPEAL NO. C-120302 <br> TRIAL NO. A-1101137 |
| | : | |
| | : | *O P I N I O N.* |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | : | |
| MATTHEW SHERMAN, a.k.a. MATT SHERMAN, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| UNKNOWN SPOUSE (IF ANY) OF MATTHEW SHERMAN, a.k.a. MATT SHERMAN. | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 27, 2013

*Thompson Hine LLP, Scott A. King* and *Terry W. Posey*, for Plaintiff-Appellee,

*Dever Legal Services, Scott A. Hoberg* and *Jonathan Dever,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM**, **Judge.**

{¶1}     Defendant-appellant Matthew Sherman, a.k.a. Matt Sherman, appeals the entry of summary judgment for plaintiff-appellee HSBC Bank USA, National Associates as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-15 ("HSBC"), in its foreclosure action.

{¶2}     In 2006, Sherman purchased a home on Heekin Avenue in Cincinnati.  To finance the purchase, Sherman executed a note in the amount of $405,000 in favor of American Broker's Conduit ("ABC").  The note was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for ABC and its successors, executed on the same day.  On January 26, 2011, MERS assigned the mortgage to HSBC.

{¶3}     In 2010, Sherman defaulted on his repayment obligations as the borrower under the note and mortgage.   As provided in the note and mortgage, HSBC accelerated repayment of the note.  The principal due was $401,433 plus interest from April 1, 2010.

{¶4}     On February 7, 2011, HSBC filed this action against Sherman seeking judgment on the note and foreclosure on the mortgage.  HSBC attached the original mortgage and note to its complaint.  The documents reflect that on January 26, 2011, the mortgage had been properly assigned to HSBC.  The note, however, contained an endorsement only to Wells Fargo Bank, N.A., and not to HSBC.

{¶5}     In January 2012, HSBC moved for summary judgment supported by the affidavit of its vice president of loan documentation.  She stated that HSBC was the holder of the note as well as the assignee of the mortgage.  HSBC also filed a copy of the note, now including an endorsement from Wells Fargo in blank, making the note payable to the bearer, HSBC.  In response, Sherman did not dispute the amount due.  He asserted that HSBC was not entitled to summary judgment because it lacked standing to prosecute the action.

{¶6} On February 24, 2012, the trial court overruled Sherman's objections to a magistrate's decision in favor of HSBC, and entered an order adopting the decision and issuing a final decree in foreclosure.

{¶7} Sherman timely filed an appeal from that entry with the clerk of the Hamilton County Common Pleas Court. We note that the text of the notice of appeal erroneously indicates that the appeal was being taken to the Twelfth District Court of Appeals. *See* App.R. 3(D) ("The notice of appeal * * * shall name the court to which the appeal is taken."). Because HSBC was apprised of the taking of an appeal and was not prejudiced by this defect in the notice, we exercise our discretion and overlook this non-jurisdictional defect in Sherman's notice of appeal. *See Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, 891 N.E.2d 827, ¶ 8 (1st Dist.).

{¶8} Raising a single assignment of error, Sherman asserts that the trial court erred in entering summary judgment "when [HSBC] did not have standing to bring the cause of action as it was not the real party in interest." He asserts that the facts established by HSBC for purposes of summary judgment do not entitle it to judgment as a matter of law. *See* Civ.R. 56(A); *see also Capital Fin. Credit, LLC v. Mays*, 191 Ohio App.3d 56, 2010-Ohio-4423, 944 N.E.2d 1184 (1st Dist.). We review cases decided on summary judgment de novo. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

{¶9} Sherman argues that HSBC was not the real party in interest because it lacked the ability to enforce the note and mortgage when it filed the complaint, because it had failed to comply with Loc.R. 45 of the Hamilton County Court of Common Pleas, and because it had failed to follow the terms of a separate Pooling and Servicing Agreement ("PSA").

{¶10} In a 2012 decision, the Ohio Supreme Court clarified the rules to establish standing in a foreclosure action. *See Fed. Home Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 21. " 'Standing to sue is part of the common

3

understanding of what it takes to make a justiciable case.' " *Id.* at ¶ 21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Because standing is required to invoke the jurisdiction of the common pleas court, standing is determined as of the commencement of suit by the filing of a complaint. *See Schwartzwald* at ¶ 24; *see also Wells Fargo Bank, N.A. v. Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722, ¶ 16 (1st Dist.).

{¶11} The *Schwartzwald* court noted that a party lacks standing to invoke the jurisdiction of the court unless it has, in an individual or representative capacity, some real interest in the subject matter of the action. *See Schwartzwald* at ¶ 22. The fundamental requirement of standing is that the party bringing the action is actually the party who has suffered the injury. *See Schwartzwald* at ¶ 23 and 28.

{¶12} Here, construing the evidence most strongly in favor of Sherman, we hold that no genuine issues of material fact remain to be litigated and that HSBC had demonstrated standing as of the commencement of its suit.

{¶13} In its complaint, HSBC alleged that it was "entitled to enforce the Note," pursuant to R.C. 1303.31, and that the mortgage was given "to secure the Note." HSBC attached to its complaint the mortgage, assigned to HSBC. The properly assigned mortgage specifically referenced the note executed in conjunction with the mortgage. The mortgage recited the amount due on the note, and that "the Borrower," Sherman, "has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than July 1, 2036." The mortgage also provided that "this Security Instrument secures to Lender," HSBC, by assignment from ABC, "(i) the repayment of the Loan, and all renewals, extensions, and modifications of the Note, and (ii) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note."

{¶14} The note attached to the complaint similarly referenced the mortgage, "dated the same day as this Note," noting that the mortgage protects the lender from

4

"losses which might result if I [Sherman] do not keep the promises which I make in this Note."

{¶15} The properly assigned mortgage was sufficient to demonstrate HSBC's standing under *Schwartzwald*. *See Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 16. It established HSBC's interest in the suit and was filed with the complaint. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 24. It had sufficient specificity to permit Sherman to prepare a defense to the action. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 32. It referred to the note, and the note to the mortgage, thus demonstrating an intent to keep the note and mortgage together rather than transferring the mortgage alone, and establishing HSBC's interest in the note and its entitlement to enforce that instrument. *See Wells Fargo Bank, N.A. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690, ¶ 23. And it assured that HSBC had a personal stake in the outcome of the litigation, because it was the party to whom the damages for a breach by Sherman would flow. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 23 and 28.

{¶16} We note that some Ohio appellate courts would have concluded from the filing of the properly assigned mortgage alone that HSBC had standing. *E.g.*, *Citimortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21. In *Schwartzwald*, the Supreme Court resolved a conflict among the appellate districts and held that standing is to be determined as of the commencement of suit and cannot be cured by substituting a real party in interest for an original party afterwards. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 16 and 24. In explaining its decision, the court noted that the mortgagee bank lacked standing because it had "failed to establish an interest in the note *or* mortgage at the time it filed suit." (Emphasis added.) *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 28. Relying on that statement, some courts have concluded that a party

5

may establish its standing by showing either that it is the assignee of the mortgage or that it is the holder of the note. *See Patterson* at ¶ 21.

{**¶17**} We note that in *Schwartzwald*, the mortgagee was neither an assignee of the mortgage nor a holder of the note at the time it filed its complaint. It achieved both positions only after the complaint had been filed. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 7 and 10; *see also Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722, at ¶ 2 (also reviewing a scenario where the mortgagee had brought suit but had filed neither an assigned note nor mortgage with its complaint). The "or" statement must be read in the context of the entire opinion. The question of whether standing can be achieved by the filing of either document with the complaint was not presented by the facts of the case and was not necessary to the resolution of the issue presented.

{**¶18**} For the determination of this case, we prefer to rely upon the rule of *Schwartzwald* that the fundamental requirement of standing is that the party bringing the action is actually the party who has suffered the injury, and that this situation must be established at the time of the commencement of the suit. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 24. The result is the same in this case.

{**¶19**} Sherman's remaining arguments also fail. Sherman argues that the local rules of court required HSBC to attach both an assigned note and mortgage to its complaint. Loc.R. 45(A) of the Hamilton County Court of Common Pleas, effective January 1, 2012, actually provides:

> In every action demanding the judicial sale of real estate, the
> party or parties seeking such judicial sale shall attach legible copies of
> the following documents to the initial pleading:
>
> 1. the Note and recorded mortgage drafted pursuant to Chapter
> 5301.; or

* * *

4. any other written instrument upon which the party relies as the basis for a judicial sale.

If the plaintiff is not the payee of the Note or the original mortgagee, then the assignment of mortgage bearing the plaintiff's name shall also be attached to the complaint. If the documents are not attached, the reason for the omission must be stated in the pleading.

{¶20} HSBC attached the required documents to its complaint. While the copy of the note attached did not indicate that HSBC was the payee of the note, in compliance with the rule, HSBC attached "the assignment of mortgage bearing the plaintiff's name" as exhibit 3 to the complaint.

{¶21} Sherman also argues that that the note was not properly endorsed according to the PSA, and therefore the note is not properly a part of the pool. But Sherman is not a beneficiary under the PSA and has no right to claim that HSBC failed to comply with the terms of the PSA. *See Bank of New York Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35; *see also Deutsche Bank Natl. Trust Co. v. Hansen*, 5th Dist. Fairfield No. 2010 CA 00001, 2011-Ohio-1223, ¶ 50.

{¶22} Sherman's final argument that obligations inherent in the note caused Article 9 of the UCC, and not Article 3, to govern is feckless. Sherman did not raise this issue before the magistrate or the trial court. The matter is waived save for plain error, a doctrine that is rarely applied in civil appeals. *See* Civ.R. 53(D)(3)(b)(iv); *see also In re Etter*, 134 Ohio App.3d 484, 492, 731 N.E.2d 694 (1st Dist.1998). This is not one of those "extremely rare" cases in which failure to reach the claimed error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Goldfuss v. Davidson*, 70 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶23}   The assignment of error is overruled.   Therefore, the trial court's judgment is affirmed.

Judgment affirmed.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.