[Cite as *Scioto Cty. Bd. of Commrs./Revolving Loan Fund Bd. v. McDermott Industries, L.L.C.*, 2014-Ohio-240.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| SCIOTO COUNTY BOARD OF COMMISSIONERS/ REVOLVING LOAN FUND BOARD, | : | Case No. 12CA3504 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| MCDERMOTT INDUSTRIES, L.L.C., ET AL., | : | |
| | : | **RELEASED: 01/17/14** |
| Defendants-Appellants. | : | |
| | : | |

APPEARANCES:

Carl and Vera Pertuset, McDermott, Ohio, pro se appellants.

George L. Davis, IV, and George L. Davis, III, George L. Davis, III Co., L.L.C., Portsmouth, Ohio, for appellee.

Harsha, J.,

**{¶1}** Appellants, Carl and Vera Pertuset, are guarantors on a promissory note executed and delivered by their corporation, McDermott Industries, L.L.C. ("McDermott"), in favor of appellee, Scioto County Board of Commissioners/ Revolving Loan Fund Board ("board"). After McDermott defaulted on the note, the board demanded payment from it and the Pertusets, but they failed to pay. The board then sued McDermott and the Pertusets for the amount due on the promissory note, and the trial court granted summary judgment in favor of the board.

**{¶2}** On appeal, the Pertusets claim that the trial court erred in granting summary judgment because the board lacks standing and is not the real party in interest on the promissory note. But after the board submitted summary judgment evidence establishing that it is the holder of the promissory note that McDermott and the

Pertusets defaulted on, the Pertusets failed to rebut this evidence with specific facts showing a genuine issue concerning the board's standing to sue and interest in collecting on the note.

{¶3}    The Pertusets also contend that summary judgment is improper because at the time the promissory note was executed, McDermott had already been dissolved. This contention fails because a voluntary dissolution of a corporation is not effective until the certificate of dissolution and accompanying documents are filed with the secretary of state, and that did not occur until after McDermott executed and delivered the promissory note to the board. And the Pertusets personally guaranteed the note independent of any promise by their company.

{¶4}    The Pertusets additionally claim that summary judgment is not appropriate because the board did not establish the amount due on the note. We reject this claim because the board submitted an affidavit proving the amount due.

{¶5}    Finally, the Pertusets' remaining arguments lack merit or are irrelevant to the summary judgment entered by the trial court.

{¶6}    Therefore, we reject the Pertusets' assignments of error and affirm the judgment of the trial court.

## I. FACTS

{¶7}    In April 2009, McDermott, through Carl Pertuset, and the Pertusets executed and delivered a promissory note to the board. In the note, McDermott amended the terms of two previous promissory notes and loan agreements by promising to pay to the board the principal sum of $148,612.77 and interest in 240 monthly installments, with the first installment due on June 15, 2009. According to the

terms of the note, should any default occur, the unpaid principal balance and accrued interest would bear interest at the rate of 10% per annum, with a late charge of ten cents for each dollar overdue.  The note further provided that if default in payment of any installment occurred or if McDermott ceased its business operation, the entire principal sum and all interest accrued thereon shall become due and payable at the option of the holder of the note.  McDermott, through Carl Pertuset, guaranteed the terms of the note, and the Pertusets personally guaranteed the terms and conditions of the note.

{¶8}    After McDermott and the Pertusets defaulted on the terms of the note and failed to pay the board upon demand, the board filed a complaint in the Scioto County Court of Common Pleas to collect on the note.  Instead of filing an answer, the Pertusets filed a "notice of objection to complaint request for judicial notice and notification of administrative violations."  In its filing, the Pertusets generally denied all allegations in the complaint.  The Pertusets submitted numerous other filings, including one challenging the standing of the board in which they attached a secretary of state document certifying that the office had received for filing McDermott's certificate of dissolution on August 14, 2009, although the certificate claimed that the company was dissolved on December 31, 2008.

{¶9}    The board filed a motion for summary judgment and supported it with an affidavit of Kendra Hobson, an authorized representative and keeper of records of the board, and a copy of the promissory note.  In her affidavit, Hobson specified that she had personal knowledge of the board's records, that the board had received the personal guaranty executed and delivered by McDermott and the Pertusets, that the

guarantors were in default, and that they owed the board the amount of $148,612.77, plus interest at the rate of 10% per annum from June 15, 2009, a late charge of ten cents for each dollar overdue, plus costs and all other proper relief.

**{¶10}** In response to the board's motion, the Pertusets filed an "opposition" affidavit, which failed to specify facts to rebut that they owed the amount due on the note.

**{¶11}** The trial court granted the board's motion and ordered that it recover from McDermott and the Pertusets $148,612.77, with interest at a rate of 10% per annum from June 15, 2009, plus a late charge of ten cents for each dollar overdue.

**{¶12}** The Pertusets appealed from the judgment.

## II.  ASSIGNMENT OF ERROR

**{¶13}** The Pertusets are not strangers to this court.  *See Ohio Valley Resource Conservation & Development v. Pertuset*, 4th Dist. Scioto No. 12CA3503, 2013-Ohio-5406; *Farm Credit Servs. of Mid. Am. v. Pertuset*, 4th Dist. Scioto No. 11CA3443, 2013-Ohio-567; *Am. Savings Bank v. Pertuset*, 4th Dist. Scioto No. 11CA3442, 2013-Ohio-566; *Quality Car & Truck Leasing, Inc. v. Pertuset*, 4th Dist. Scioto No. 11CA3436, 2013-Ohio-1964.  As in each of these previous cases, the Pertusets' brief here does not set forth any assignments of error as required by App.R. 16(A)(3).

**{¶14}** Although we consequently would be justified in refusing to address the merits of the Pertusets' arguments and dismissing their appeal, given the considerable leniency that this court generally affords to the filings of pro se litigants like the Pertusets, we will posit the following assignment of error that best summarizes their arguments on appeal:

THE TRIAL COURT ERRED IN GRANTING THE BOARD'S MOTION
FOR SUMMARY JUDGMENT.

### III. STANDARD OF REVIEW

**{¶15}** When reviewing a trial court's decision on a motion for summary judgment, we conduct a de novo review governed by the standards set forth in Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19. Summary judgment is appropriate when the movant has established: (1) there is no genuine issue of material fact; (2) it is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, __ Ohio St.3d __, 2013-Ohio-4544, __ N.E.2d __, ¶ 9.

**{¶16}** The movant bears the burden of establishing that no genuine issue of material fact exists. *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 12. To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate the non-moving party has no evidence to support the non-moving party's claims. *Bender v. Portsmouth*, 4th Dist. Scioto No. 12CA3491, 2013-Ohio-2023, ¶ 9, citing Civ.R. 56(C). Once the movant supports the motion with appropriate evidentiary materials, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a

genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

## IV. LAW AND ANALYSIS

**{¶17}** The Pertusets claim that the trial court erred in granting summary judgment in favor of the board on the promissory note, with guarantees, executed and delivered by McDermott and the Pertusets to the board. The board's summary judgment motion incorporated the affidavit of Kendra Hobson, its authorized representative and records custodian, who stated that McDermott and the Pertusets were in default of the note and guarantees. The board met its initial summary judgment burden, which shifted the burden onto the Pertusets to submit evidentiary materials setting forth specific facts showing that there is genuine issue of material fact for trial. For the reasons that follow, the Pertusets failed to meet this burden.

**{¶18}** First, we have previously rejected claims similar to the only claims specified by the Pertusets in the "ARGUMENT" section of their brief—that "[t]his case demonstrates the utter disregard * * * of the realities facing working people in Ohio in this period of economic crisis" and that the board "committed violations of 'GAAP' [generally accepted accounting principles] and 'GAAS' [generally accepted accounting standards]." *See Ohio Valley*, 2013-Ohio-5406, at ¶ 10-11. Even if these claims were true, the Pertusets failed to submit Civ.R. 56(C) evidentiary materials to show that they were not in default of the note and guarantees.

**{¶19}** Second, the board established that it had standing to bring the action on the note and that it is the real party in interest. "Subject-matter jurisdiction refers to the statutory or constitutional authority to adjudicate a case," whereas "[l]ack of standing, on

the other hand, challenges a party's capacity to bring an action, not the subject-matter jurisdiction of the tribunal." *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Rev.*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 25, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11, and *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). Standing is determined at the commencement of the action, and in actions on a note, the holder or other person who has the rights of a holder of the note has standing to enforce it. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24-28; R.C. 1303.31. In addition, Civ.R. 17(A) is the procedural requirement that a complaint be brought in the name of the real party in interest. A real party in interest is one who is directly benefited or injured by the outcome of the case. *Florkey v. Malott*, 4th Dist. Highland No. 11CA9, 2011-Ohio-5199, ¶ 14. The summary judgment evidence submitted by the board established that it is the holder of the note, which included the personal guarantee by the Pertusets, and the Pertusets failed to properly rebut this evidence. The board is authorized by statute to sue. *See* R.C. 305.12 ("The board of county commissioners may sue and be sued").

{¶20} The Pertusets' reliance on *Wells Fargo Bank, N.A. v. Byrd*, 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722, and *In re Foreclosure Cases*, N.D.Ohio Nos. 1:07CV2282 et al., 2007 WL 3232430 (Oct. 31, 2007), to claim that the board lacks standing is misplaced because in each of those cases, the entity seeking to enforce the note did not hold it at the time of the filing of the complaint. There is no evidence here that the board did not hold the note at any time, much less at the time it filed the complaint to enforce its default terms. *See U.S. Bank Natl. Assn. v. Kafantaris*,

11th Dist. Trumbull No. 2011-T-0002, 2011-Ohio-5601, ¶ 29, similarly distinguishing the cited cases.

**{¶21}** Third, the Pertusets' contention that the board's claim fails because McDermott did not exist when the note was signed in April 2009 and they were not members of the dissolved corporate entity is meritless. The certificate of dissolution for the corporation was not filed with the secretary of state until August 14, 2009, months after McDermott and the Pertusets executed and delivered the note to the board. The certificate specified an earlier purported date of dissolution, but McDermott could not be dissolved before the appropriate certificate and documents were filed with the secretary of state. R.C. 1702.47(H) ("Upon the filing of a certificate of dissolution and those accompanying documents or on a later date specified in the certificate that is not more than ninety days after the filing, the corporation shall be dissolved"). The subsequent dissolution of McDermott did not abate the board's claim. *See Bendure v. Xpert Auto, Inc.*, 10th Dist. No. 11AP-144, 2011-Ohio-6058, ¶ 17 (even if a corporation is dissolved, it may still be sued, and any judgment obtained may be enforced against the dissolved corporation).

**{¶22}** More significantly, the dissolution of McDermott did not alter the Pertusets' liability because they personally guaranteed McDermott's timely payment of the note. And the note specified that the entire principal sum and interest would become due should McDermott and the Pertusets "cease operation of [their] business."

**{¶23}** Fourth, notwithstanding the Pertusets' claims to the contrary, the board established the amount of damages to which it is entitled through the affidavit of its representative and the note.

**{¶24}**  Finally, any additional arguments raised by the Pertusets in their brief are either irrelevant or meritless.

## V. CONCLUSION

**{¶25}**  Therefore, the trial court did not err in granting summary judgment in favor of the board on the note.  We overrule the Pertusets' assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J., & *Ringland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
       William H. Harsha, Judge




### **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


* Robert P. Ringland, from the Twelfth Appellate District, sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.